**FILED**

FEB 2 4 2012

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In the Matter of:** | **MISC. ACTION NO. _____** |
| **CERTAIN DYNAMIC RANDOM ACCESS MEMORY AND NAND FLASH MEMORY DEVICES AND PRODUCTS CONTAINING SAME** | **REQUEST FOR ISSUANCE OF ORDERS TO TAKE DEPOSITIONS IN JAPAN** |
| Intellectual Ventures Management, LLC Invention Investment Fund I, L.P. Invention Investment Fund II, LLC Intellectual Ventures I LLC Intellectual Ventures II LLC | DEPONENTS: EMPLOYEES OF ELPIDA MEMORY, INC. |
| 3150 139th Avenue SE, Building 4 Bellevue, WA 98005 | Case: 1:12-mc-00127 Assigned To : Wilkins, Robert L. Assign. Date : 2/24/2012 Description: Miscellaneous |

### COMPLAINANTS' EMERGENCY UNOPPOSED MOTION FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA TO ISSUE ORDERS/COMMISSIONS FOR THE TAKING OF DEPOSITIONS IN JAPAN

Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC, (collectively, "IV"), Complainants in *Certain Dynamic Random Access Memory and NAND Flash Memory Devices and Products Containing Same*, Investigation No. 337-TA-803 before the United States International Trade Commission ("ITC"), respectfully move this Court to issue the attached orders. The orders would enable any consular officer at the United States Embassy in Tokyo, Japan, and the United States Consulate in Osaka, Japan, to permit the taking of voluntary depositions of certain employees of Respondent Elpida Memory, Inc. ("Elpida"), a company located at Sumitomo Seimei Yaesu Bldg. 3F, 2-1 Yaesu 2-chome Chuo-ku in Tokyo (104-0028) Japan. Specifically, the proposed deponents are as follows:

**RECEIVED**

FEB 2 4 2012

Clerk, U.S. District & Bankruptcy

Takashi Asaoka
Yasuo Yoshitomi
Hiroki Fujisawa
Toru Chonan
Yoshitaka Ishihara
Kouzi Koshikawa
Takashi Obara
Shotarou Kobayashi
Kensuke Tsuneda
Mamoru Nagase
Elpida Memory, Inc. (corporate deposition(s))

For the reasons set forth in the accompanying memorandum of points and authorities, incorporated herein by reference, IV respectfully requests that the Court assign a judge to this matter and, if necessary, schedule a hearing to expedite the issuance of this order, so that the parties may comply with the procedural schedule in the ITC Investigation and have sufficient time to obtain the necessary visas to conduct said depositions in Japan. The Tokyo Embassy and Osaka Consulate require such orders weeks in advance of the depositions. No party to the ITC Investigation opposes this Motion.

Date: February 24, 2012            Respectfully submitted,

David H. Hollander, Jr. (DC Bar No. 984561)
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone:  (202) 467-6300
Facsimile:  (202) 466-2006

*Counsel for Complainants Intellectual Ventures
Management, LLC, Invention Investment Fund I, L.P.,
Invention Investment Fund II, LLC, Intellectual
Ventures I LLC and Intellectual Ventures II LLC*

INTVEN701612.docx

2

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In the Matter of:**<br><br>**CERTAIN DYNAMIC RANDOM ACCESS MEMORY AND NAND FLASH MEMORY DEVICES AND PRODUCTS CONTAINING SAME**<br><br>Intellectual Ventures Management, LLC<br>Invention Investment Fund I, L.P.<br>Invention Investment Fund II, LLC<br>Intellectual Ventures I LLC<br>Intellectual Ventures II LLC<br><br>3150 139th Avenue SE, Building 4<br>Bellevue, WA 98005 | **MISC. ACTION NO. _____**<br><br>**REQUEST FOR ISSUANCE OF ORDERS TO TAKE DEPOSITIONS IN JAPAN**<br><br>DEPONENTS:<br>EMPLOYEES OF ELPIDA MEMORY, INC. |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COMPLAINANTS' EMERGENCY UNOPPOSED MOTION FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA TO ISSUE ORDERS/COMMISSIONS FOR THE TAKING OF DEPOSITIONS IN JAPAN**

Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC, (collectively, "IV"), Complainants in *Certain Dynamic Random Access Memory and NAND Flash Memory Devices and Products Containing Same*, Investigation No. 337-TA-803 before the United States International Trade Commission ("ITC"), hereby submit, by and through counsel, this memorandum of points and authorities in support of their unopposed motion for Orders from this Court to enable any officer at the Embassy of the United States in Tokyo, Japan ("Tokyo Embassy"), and the Consulate General of the United States in Osaka, Japan ("Osaka Consulate") to permit the taking of voluntary depositions of certain employees of Respondent

Elpida Memory, Inc. ("Elpida") in connection with the aforementioned Investigation. The proposed Deposition Orders are attached hereto as Exhibit A.

## I.   STATEMENT OF FACTS

On February 8, 2012, pursuant to Section 210.28 of the ITC Rules of Practice of Procedure (19 C.F.R. § 210.28) and the Ground Rules set forth in Order No. 2 issued in the ITC Investigation identified above, IV served on counsel for Elpida a notice of deposition of certain individuals employed by Elpida (*see* Ex. B).   On February 14, 2012, IV served on counsel for Elpida a notice of deposition directed to Elpida in its corporate capacity (*see id.*).   The witnesses who have volunteered to give testimony on behalf of Elpida, at either the Tokyo Embassy or the Osaka Consulate, on dates between March 19 and April 6, 2012, are as follows:

> Takashi Asaoka
> Yasuo Yoshitomi
> Hiroki Fujisawa
> Toru Chonan
> Yoshitaka Ishihara
> Kouzi Koshikawa
> Takashi Obara
> Shotarou Kobayashi
> Kensuke Tsuneda
> Mamoru Nagase

IV has reserved rooms at the Tokyo Embassy from March 22 through April 6, 2012.   IV has reserved rooms at the Osaka Consulate from March 19 through April 6, 2012 (*see* Ex. C).[1]   IV has additionally applied for and received a Recommendation from the ITC Administrative Law Judge presiding over this Investigation, the Honorable E. James Gildea.   (*See* Exs. D and E.)

---

[1] Some of the aforementioned witnesses will be deposed at the Tokyo Embassy while others will be deposed at the Osaka Consulate.   Counsel for the parties are currently working out these logistical matters with the goal of minimizing inconveniences for the witnesses.   Because it is not clear, at this time, which witnesses will deposed at which location, IV seeks orders as to all witnesses at each location.

The Recommendation, which was certified by the ITC's Office of the Secretary, requests that this Court issue the proposed Deposition Orders.

It is the position of the Tokyo Embassy and the Osaka Consulate that an order from a United States District Court is required in order to conduct depositions at the Embassy and Consulate, and to obtain visas to enter Japan for that purpose. Accordingly, IV files the present motion with this Court to obtain orders to permit the taking of depositions in Japan as scheduled.

## II.    STATEMENT OF POINTS AND AUTHORITIES

The proposed Deposition Orders permit a Consul or Vice Consul of the United States to allow the taking and transcribing by IV of various depositions of Elpida employees in Japan. The proposed Deposition Orders would enable IV to solicit testimony from the persons and entity referenced above, who have volunteered to offer testimony in Japan in response to the notices of deposition served by IV.

The testimony sought by IV is highly relevant to the ITC Investigation. However, pursuant to detailed agreements between the United States and the Government of Japan, an order from a U.S. District Court is required before such depositions can occur. (*See* Ex. F, U.S. Department of State information regarding Japan Judicial Assistance; Ex. G, Embassy of the United States, Japan, "Taking Depositions in Osaka.")

Article 17(1)(e)(ii)-(iii) of the U.S.-Japan Consular Convention provides that consular officers may:

> (ii) take depositions, on behalf of the courts or other judicial tribunals or authorities of the sending state, voluntarily given, or
>
> (iii) administer oaths to any person in the receiving state in accordance with the laws of the sending state and in a manner not inconsistent with the laws of the receiving state.

3

U.S.-Japan Consular Convention, Art. 17(l)(e)(ii), (iii), Mar. 22, 1963, 15 U.S.T. 768.  The

requested order is necessary because the Government of Japan interprets this provision very

strictly.  (*See* Ex. F.)  Depositions in Japan must be taken "(1) on U.S. consular premises;

(2) pursuant to a commission (28 U.S.C. App. Fed. R. Civ. P. Rule 28(b)(2)) to take a deposition

issued by a court to any Consul or Vice-Consul of the United States at (Tokyo, Naha, Osaka-

Kobe, Sapporo, Fukuoka) or (3) on notice provided an order issued by a court in the United

States specifically authorizes an U.S. consular officer to take the deposition on notice." *Id.*  To

comply with these requirements, the Tokyo Embassy and the Osaka Consulate require that

parties seeking to conduct depositions submit "a certified copy of the court order or commission

that includes the names of everyone to be deposed." (*See* Ex. G.)  That order must be sent to the

Embassy and Consulate weeks prior to the anticipated depositions. *Id.*

This Court has the authority to issue the requested orders pursuant to the All Writs Act,

28 U.S.C. § 1651 (2007) and its Local Civil Rule, 40.3(a)(1) n.1.  Indeed, this Court has honored

such requests in the past in order to permit the taking of depositions in various ITC

investigations, including the present one. *See e.g., In the Matter of Certain Dynamic Random*

*Access Memory & NAND Flash Memory Devices & Prods. Containing Same*, Misc. No. 12-30

(D.D.C. Jan. 19, 2012) (attached as Ex. H); *In the Matter of Certain GPS Navigation Prods.,*

*Components Thereof, & Related Software*, Misc. No. 11-599 (D.D.C. Nov. 2, 2011) (attached as

Ex. I); *In the Matter of Certain Ceramic Capacitors & Prods. Containing Same*, 1:10 mc-00129-

RMC, Docket No. 3 (D.D.C. Feb. 26, 2010) (same) (attached as Ex. J); *Certain Variable Speed*

*Wind Turbines & Components Thereof,* Misc. No. 08-710 (Nov. 7, 2008)*; In the Matter of*

*Certain Semiconductor Integrated Circuits Using Tungsten Metallization & Prods. Containing*

*Same*, Misc. No. 08-709 (Nov. 4, 2008).

Given such precedent, and considering that this Motion is not opposed by any party to the ITC investigation, IV requests that this Court exercise its authority and issue the proposed Deposition Orders included as Exhibit A, so that IV may take the needed depositions in Japan.

## III.   CONCLUSION

For the foregoing reasons, IV respectfully requests that the Court assign a judge to this matter and, if necessary, schedule a hearing to expedite the issuance of the above-described orders.  Doing so would assist the parties in complying with the procedural schedule in the ITC investigation and allow them sufficient time to obtain the necessary visas to conduct the referenced depositions in Tokyo and Osaka, Japan.

Date:  February 24, 2012                    Respectfully submitted,

David H. Hollander, Jr. (DC Bar No. 984561)
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone:  (202) 467-6300
Facsimile:   (202) 466-2006

*Counsel for Complainants Intellectual Ventures*
*Management, LLC, Invention Investment Fund I, L.P.,*
*Invention Investment Fund II, LLC, Intellectual*
*Ventures I LLC and Intellectual Ventures II LLC*

INTVEN701712.docx

5

**LIST OF EXHIBITS**

**Exhibit A** –   [Proposed] District Court Deposition Orders

**Exhibit B** –   Complainants' Notices of Deposition of Takashi Asaoka, Yasuo Yoshitomi, Hiroki Fujisawa, Toru Chonan, Yoshitaka Ishihara, Kouzi Koshikawa, Takashi Obara, Shotarou Kobayashi, Kensuke Tsuneda, Mamoru Nagase, and Elpida Memory, Inc.

**Exhibit C** –   Correspondence Regarding Reservation of Room Space at the U.S. Embassy in Tokyo, Japan and the U.S. Consulate General in Osaka, Japan

**Exhibit D** –   Unopposed Application of Complainants for a Recommendation to U.S. District Court for District of Columbia to Issue Orders/Commissions Regarding Depositions in Japan (original exhibits omitted)

**Exhibit E** –   Recommendation from the Honorable E. James Gildea, Certified by the Secretary of the U.S. International Trade Commission, Regarding Depositions in Japan

**Exhibit F** –   U.S. Department of State information regarding Japan Judicial Assistance

**Exhibit G** –   Embassy of the United States, Japan, "Taking Depositions in Osaka"

**Exhibit H** –   *In the Matter of Certain Dynamic Random Access Memory & NAND Flash Memory Devices & Prods. Containing Same*, Misc. No. 12-30 (D.D.C. Jan. 19, 2012)

**Exhibit I** –   *In the Matter of Certain GPS Navigation Prods., Components Thereof, & Related Software*, Misc. No. 11-599

**Exhibit J** –   *In the Matter of Certain Ceramic Capacitors & Prods. Containing Same*, 1:10 mc-00129-RMC, Docket No. 3

INTVEN702012.doc

# EXHIBIT A

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**In the Matter of**

**CERTAIN DYNAMIC RANDOM
ACCESS MEMORY AND NAND FLASH
MEMORY DEVICES AND PRODUCTS
CONTAINING SAME**

MISC. ACTION NO. _____

ORDER/COMMISSION TO TAKE
DEPOSITIONS IN TOKYO, JAPAN

### [PROPOSED] DEPOSITION ORDER

**TO:**  Any Consul or Vice Consul of the United States of America

Embassy of the United States of America

1-10-5 Akasaka Minato-ku, Tokyo 107-8420 Japan

Upon application by Complainants Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC, (collectively, "IV"), and pursuant to Article 17 of the United States-Japan Consular Convention, it is hereby

**ORDERED** that the depositions on notice of the following individuals be taken at the U.S. Embassy in Tokyo, Japan, commencing on or about March 22, 2012, and continuing until on or about April 6, 2012, and that the marking of any documentary exhibits in connection therewith be permitted:

> **Takashi Asaoka**
> **Yasuo Yoshitomi**
> **Hiroki Fujisawa**
> **Toru Chonan**
> **Yoshitaka Ishihara**
> **Kouzi Koshikawa**
> **Takashi Obara**
> **Shotarou Kobayashi**
> **Kensuke Tsuneda**
> **Mamoru Nagase**

**Elpida Memory, Inc.**
(Sumitomo Seimei Yaesu Bldg. 3F
2-1 Yaesu 2-chome Chuo-ku
Tokyo (104-0028) Japan)

Listed below are the names of counsel who may participate in these depositions, together with other persons who may attend or assist with these depositions.

### For IV

Benjamin W. Hattenbach (counsel)

Ellisen S. Turner (counsel)

Brian Ledahl (counsel)

Gunnar B. Gundersen (counsel)

Jay Chung (counsel)

Jenifer Ellis (counsel)

Ryan Ward (counsel)

Jim Manzano (litigation support)

Andrew Wu (in-house technical advisor)

John Reed (IV consultant)

Jeanne Bullis (court reporter)

Jade King (court reporter)

Jenny Buck (court reporter)

Bruce Holcombe (interpreter)

Paul Byron Diserio (videographer)

Michael Paul Goldberg (videographer)

Daniel Dean Harrington (videographer)

### For the ITC's Office of Unfair Import Investigations

Vu Bui

### For Respondent Elpida Memory, Inc.

George Badenoch (counsel)

Marcia Sundeen (counsel)

Thomas Makin (counsel)

Rose Cordero Prey (counsel)

Matt Berkowitz (counsel)

Christopher Scott (counsel)

Aimee Soucie (counsel)

Robin Plachy (counsel)

Jeffrey Dicker (counsel)

Christopher Field (check interpreter)

Elica Funatsu (check interpreter)

Masahiro Toiya (check interpreter)

Shinya Yugi (Representative of Elpida's Legal Group)

Takashi Asaoka (Representative of Elpida's IP Group)

Teruki Sasaki (Representative of Elpida's IP Group)

Seiji Nakashima (Representative (Vice-President) of Elpida's IP Group)

Kota Takemura (Representative of Elpida's IP Group)

Shigeru Maruyama (Representative of Elpida's IP Group)

Shinji Ohara (Representative of Elpida's IP Group)

Yoshimi Ohara (attorney with the Japanese firm Nagashima Ohno & Tsunematsu)

**For Other Respondents in this Investigation**

Howard Chen (counsel)

Harold Davis (counsel)

Rachel Davidson (counsel)

Deirdre Digrande (counsel)

Eric Rusnak (counsel)

Please cause the testimony of said witnesses to be recorded by video and reduced to writing; the deposition to be signed by said witnesses; said deposition testimony to be annexed to your Commission and closed under your seal; and make return of these materials to this Court with all convenient speed.

**WITNESS**, the Honorable _____, United States Judge of the

United States District Court for the District of Columbia, this __ day of _____, 2012.


_____

United States Judge

United States District Court

District of Columbia

333 Constitution Ave., NW

Washington, DC  20001

United States of America


I  hereby  certify  that  the  signature  above  is  that  of  the  Honorable
_____, United States Judge of the United States District Court
for the District of Columbia.

_____ Clerk of the Court

_____ Date


Deputy Clerk: _____

Seal:


INTVEN701812.docx

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In the Matter of** | MISC. ACTION NO. _____ |
| **CERTAIN DYNAMIC RANDOM ACCESS MEMORY AND NAND FLASH MEMORY DEVICES AND PRODUCTS CONTAINING SAME** | ORDER/COMMISSION TO TAKE DEPOSITIONS IN OSAKA, JAPAN |

### [PROPOSED] DEPOSITION ORDER

**TO:**   Any Consul or Vice Consul of the United States of America
Consulate General of the United States of America, Osaka-Kobe
2-11-5 Nishitenma 2-chome, Kita-ku, Osaka 530-8543

Upon application by Complainants Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC, (collectively, "IV"), and pursuant to Article 17 of the United States-Japan Consular Convention, it is hereby

**ORDERED** that the depositions on notice of the following individuals and entity be taken at the U.S. Consulate General in Osaka-Kobe in Osaka, Japan, commencing on or about March 19, 2012, and continuing until on or about April 6, 2012, and that the marking of any documentary exhibits in connection therewith be permitted:

> **Takashi Asaoka**
> **Yasuo Yoshitomi**
> **Hiroki Fujisawa**
> **Toru Chonan**
> **Yoshitaka Ishihara**
> **Kouzi Koshikawa**
> **Takashi Obara**
> **Shotarou Kobayashi**
> **Kensuke Tsuneda**
> **Mamoru Nagase**

**Elpida Memory, Inc.**
(Sumitomo Seimei Yaesu Bldg. 3F
2-1 Yaesu 2-chome Chuo-ku
Tokyo (104-0028) Japan)

Listed below are the names of counsel who may participate in these depositions, together with other persons who may attend or assist with these depositions.

### For IV

Benjamin W. Hattenbach (counsel)

Ellisen S. Turner (counsel)

Brian Ledahl (counsel)

Gunnar B. Gundersen (counsel)

Jay Chung (counsel)

Jenifer Ellis (counsel)

Ryan Ward (counsel)

Jim Manzano (litigation support)

Andrew Wu (in-house technical advisor)

John Reed (IV consultant)

Jeanne Bullis (court reporter)

Jade King (court reporter)

Jenny Buck (court reporter)

Bruce Holcombe (interpreter)

Paul Byron Diserio (videographer)

Michael Paul Goldberg (videographer)

Daniel Dean Harrington (videographer)

### For the ITC's Office of Unfair Import Investigations

Vu Bui

### For Respondent Elpida Memory, Inc.

George Badenoch (counsel)

Marcia Sundeen (counsel)

Thomas Makin (counsel)

Rose Cordero Prey (counsel)

Matt Berkowitz (counsel)

Christopher Scott (counsel)

Aimee Soucie (counsel)

Robin Plachy (counsel)

Jeffrey Dicker (counsel)

Christopher Field (check interpreter)

Elica Funatsu (check interpreter)

Masahiro Toiya (check interpreter)

Shinya Yugi (Representative of Elpida's Legal Group)

Takashi Asaoka (Representative of Elpida's IP Group)

Teruki Sasaki (Representative of Elpida's IP Group)

Seiji Nakashima (Representative (Vice-President) of Elpida's IP Group)

Kota Takemura (Representative of Elpida's IP Group)

Shigeru Maruyama (Representative of Elpida's IP Group)

Shinji Ohara (Representative of Elpida's IP Group)

Yoshimi Ohara (attorney with the Japanese firm Nagashima Ohno & Tsunematsu)

**For Other Respondents in this Investigation**

Howard Chen (counsel)

Harold Davis (counsel)

Rachel Davidson (counsel)

Deirdre Digrande (counsel)

Eric Rusnak (counsel)

Please cause the testimony of said witnesses to be recorded by video and reduced to writing; the deposition to be signed by said witnesses; said deposition testimony to be annexed to your Commission and closed under your seal; and make return of these materials to this Court with all convenient speed.

**WITNESS**, the Honorable _____, United States Judge of the United States District Court for the District of Columbia, this __ day of _____, 2012.

_____

United States Judge
United States District Court
District of Columbia
333 Constitution Ave., NW
Washington, DC 20001
United States of America

I hereby certify that the signature above is that of the Honorable _____, United States Judge of the United States District Court for the District of Columbia.

_____ Clerk of the Court

_____ Date

Deputy Clerk: _____

Seal:

INTVEN701912.docx

4

# EXHIBIT B

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, DC**

**The Honorable E. James Gildea**
**Administrative Law Judge**

| |
|---|
| **In the Matter of** |
| **CERTAIN DYNAMIC RANDOM ACCESS MEMORY AND NAND FLASH MEMORY DEVICES AND PRODUCTS CONTAINING SAME** |

Inv. No. 337-TA-803

## COMPLAINANTS' SECOND NOTICE OF DEPOSITION OF TAKASHI ASAOKA

**TO:**   All Parties and their Attorneys of Record.

**PLEASE TAKE NOTICE** that, by the authority of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, and pursuant to 19 C.F.R. §§ 210.27 and 210.28, Complainants Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC, (collectively, "Complainants"), by and through counsel, will take the deposition of Takashi Asaoka on or about March 19, 2012, starting at 9:00 a.m., at the Consulate General of the United States of America, Osaka-Kobe, 2-11-5 Nishitenma, Kita-ku, Osaka 530-8543 (Tel. No. 06-6315-5900), or at such other time and place as agreed upon by the parties.

This deposition will be taken before a Notary Public or other persons authorized by law to administer oaths. The deposition will also be recorded stenographically and videotaped. The deposition shall continue from day to day until completed. Testimony derived pursuant to this Notice of Deposition shall be used for the purpose of discovery, for use at the hearing in this matter, and for any and all other appropriate purposes permitted by the U.S. International Trade

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, DC

The Honorable E. James Gildea
Administrative Law Judge

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN DYNAMIC RANDOM ACCESS MEMORY AND NAND FLASH MEMORY DEVICES AND PRODUCTS CONTAINING SAME** | Inv. No. 337-TA-803 |

## COMPLAINANTS' SECOND NOTICE OF DEPOSITION OF TORU CHONAN

**TO**:    All Parties and their Attorneys of Record.

**PLEASE TAKE NOTICE** that, by the authority of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, and pursuant to 19 C.F.R. §§ 210.27 and 210.28, Complainants Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC, (collectively, "Complainants"), by and through counsel, will take the deposition of Toru Chonan on or about March 22, 2012, starting at 9:00 a.m., at the Consulate General of the United States of America, Osaka-Kobe, 2-11-5 Nishitenma, Kita-ku, Osaka 530-8543 (Tel. No. 06-6315-5900), or at such other time and place as agreed upon by the parties.

This deposition will be taken before a Notary Public or other persons authorized by law to administer oaths. The deposition will also be recorded stenographically and videotaped. The deposition shall continue from day to day until completed. Testimony derived pursuant to this Notice of Deposition shall be used for the purpose of discovery, for use at the hearing in this matter, and for any and all other appropriate purposes permitted by the U.S. International Trade

Commission's Rules of Practice and Procedure and the Ground Rules entered in this investigation.

You are invited to attend and exercise your rights under the Rules.

Dated: February 8, 2012             Respectfully submitted,

/s/ David H. Hollander, Jr.
Tom M. Schaumberg
David H. Hollander, Jr.
Qian Sheng
Beau Jackson
**ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.**
1133 Connecticut Avenue NW, Twelfth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Elliot Brown
Benjamin W. Hattenbach
Ellisen S. Turner
Brian Ledahl
Gunnar B. Gundersen
**IRELL & MANELLA, L.L.P.**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Counsel for Complainants*

INTVEN601112.docx

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **COMPLAINANTS' SECOND NOTICE OF DEPOSITION OF TORU CHONAN** was served to the parties, in the manner indicated below, this 8th day of February 2012:

Vu Bui, Esq.
Office of Unfair Import Investigations
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, SW, Room 401-P
Washington, DC 20436

☐ **VIA HAND DELIVERY**
☒ **VIA ELECTRONIC MAIL**
(Vu.Bui@usitc.gov)

**COUNSEL FOR RESPONDENTS ELPIDA MEMORY, INC., ELPIDA MEMORY (USA) INC., ACER INC., ACER AMERICA CORP., ADATA TECHNOLOGY CO., LTD., ADATA TECHNOLOGY (U.S.A.) CO., LTD., ASUSTEK COMPUTER INC., ASUS COMPUTER INTERNATIONAL, INC., DELL, INC., HEWLETT-PACKARD COMPANY, KINGSTON TECHNOLOGY CO., INC.:**

Marcia H. Sundeen, Esq.
KENYON & KENYON LLP
1500 K Street, N.W.
Washington, DC 20005

☐ **VIA HAND DELIVERY**
☒ **VIA ELECTRONIC MAIL**
(IntellectualVenturesvElpida13486-40001@kenyon.com)
☐ **VIA OVERNIGHT DELIVERY**

George E. Badenoch, Esq.
Thomas R. Makin, Esq.
Rose Cordero Prey, Esq.
Christopher M. Scott, Esq.
Matt Berkowitz, Esq.
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007

**COUNSEL FOR RESPONDENTS HYNIX SEMICONDUCTOR INC.; HYNIX SEMICONDUCTOR AMERICA, INC.; ACER INC.; ACER AMERICA CORP.; ADATA TECHNOLOGY CO., LTD.; ADATA TECHNOLOGY (USA) CO.; ASUSTEK COMPUTER INC.; ASUS COMPUTER INTERNATIONAL INC.; BEST BUY CO., INC., DELL, INC.; HEWLETT-PACKARD COMPANY; KINGSTON TECHNOLOGY CO., INC.; LOGITECH INTERNATIONAL S.A.; AND LOGITECH, INC.:**

Eric C. Rusnak, Esq.
K&L GATES LLP
1601 K Street, NW
Washington, DC 20006-1600

☐ **VIA HAND DELIVERY**
☒ **VIA ELECTRONIC MAIL**
(HynixITC@klgates.com)
☐ **VIA OVERNIGHT DELIVERY**

Michael J. Bettinger, Esq.
Timothy P. Walker, Esq.
Howard Chen, Esq.
Harold H. Davis, Jr., Esq.
K&L GATES LLP
Four Embarcadero Center, 12th Floor
San Francisco, CA 94111

Michael J. Abernathy, Esq.
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207

COUNSEL FOR RESPONDENTS NANYA TECHNOLOGY
CORPORATION, USA AND NANYA TECHNOLOGY CORPORATION

| | | |
|---|---|---|
| Robert E. Freitas, Esq. | ☐ | VIA HAND DELIVERY |
| FREITAS, TSENG, BAIK & KAUFMAN LLP | ☒ | VIA ELECTRONIC MAIL |
| 100 Marine Parkway, Suite 200 | | (NanyaIVFTBK@ftbklaw.com) |
| Redwood City, CA 94065 | ☐ | VIA OVERNIGHT DELIVERY |

COUNSEL FOR RESPONDENT DELL INC.:

| | | |
|---|---|---|
| Mark L. Whitaker, Esq. | ☐ | VIA HAND DELIVERY |
| BAKER BOTTS L.L.P. | ☒ | VIA ELECTRONIC MAIL |
| The Warner | | (IVC-Dell@bakerbotts.com) |
| 1299 Pennsylvania Ave., N.W. | ☐ | VIA OVERNIGHT DELIVERY |
| Washington, D.C. 20004 | | |

COUNSEL FOR RESPONDENT WAL-MART STORES, INC.:

| | | |
|---|---|---|
| James L. Quarles III, Esq. | ☐ | VIA HAND DELIVERY |
| Spence Chubb, Esq. | ☒ | VIA ELECTRONIC MAIL |
| Tonya Robinson, Esq. | | (whwalmartitcservicelist@wilmerhale.com) |
| Amanda Major, Esq. | ☐ | VIA OVERNIGHT DELIVERY |
| Elise Miller, Esq. | | |
| WILMER CUTLER PICKERING HALE AND DOOR LLP | | |
| 1875 Pennsylvania Ave., N.W. | | |
| Washington, DC 20006 | | |

/s/ Sara Ferguson
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1133 Connecticut Avenue, N.W., Twelfth Floor
Washington, DC 20036

INTVEN100012-Disc

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, DC

The Honorable E. James Gildea
Administrative Law Judge

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN DYNAMIC RANDOM**<br>**ACCESS MEMORY AND NAND FLASH**<br>**MEMORY DEVICES AND PRODUCTS**<br>**CONTAINING SAME** | Inv. No. 337-TA-803 |

## COMPLAINANTS' SECOND NOTICE OF DEPOSITION OF HIROKI FUJISAWA

**TO:**   All Parties and their Attorneys of Record.

**PLEASE TAKE NOTICE** that, by the authority of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, and pursuant to 19 C.F.R. §§ 210.27 and 210.28, Complainants Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC, (collectively, "Complainants"), by and through counsel, will take the deposition of Hiroki Fujisawa on or about March 21, 2012, starting at 9:00 a.m., at the Consulate General of the United States of America, Osaka-Kobe, 2-11-5 Nishitenma, Kita-ku, Osaka 530-8543 (Tel. No. 06-6315-5900), or at such other time and place as agreed upon by the parties.

This deposition will be taken before a Notary Public or other persons authorized by law to administer oaths. The deposition will also be recorded stenographically and videotaped. The deposition shall continue from day to day until completed. Testimony derived pursuant to this Notice of Deposition shall be used for the purpose of discovery, for use at the hearing in this matter, and for any and all other appropriate purposes permitted by the U.S. International Trade

Commission's Rules of Practice and Procedure and the Ground Rules entered in this investigation.

You are invited to attend and exercise your rights under the Rules.

Dated: February 8, 2012                    Respectfully submitted,


                                           /s/ David H. Hollander, Jr.
                                           Tom M. Schaumberg
                                           David H. Hollander, Jr.
                                           Qian Sheng
                                           Beau Jackson
                                           **ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.**
                                           1133 Connecticut Avenue NW, Twelfth Floor
                                           Washington, DC 20036
                                           Telephone: (202) 467-6300
                                           Facsimile: (202) 466-2006

                                           Elliot Brown
                                           Benjamin W. Hattenbach
                                           Ellisen S. Turner
                                           Brian Ledahl
                                           Gunnar B. Gundersen
                                           **IRELL & MANELLA, L.L.P.**
                                           1800 Avenue of the Stars, Suite 900
                                           Los Angeles, CA 90067
                                           Telephone: (310) 277-1010
                                           Facsimile: (310) 203-7199

                                           *Counsel for Complainants*

INTVEN601212.docx

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **COMPLAINANTS' SECOND NOTICE OF DEPOSITION OF HIROKI FUJISAWA** was served to the parties, in the manner indicated below, this 8th day of February 2012:

| | |
|---|---|
| Vu Bui, Esq.<br>Office of Unfair Import Investigations<br>U.S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, SW, Room 401-P<br>Washington, DC 20436 | ☐ **VIA HAND DELIVERY**<br>☒ **VIA ELECTRONIC MAIL**<br>(Vu.Bui@usitc.gov) |

**COUNSEL FOR RESPONDENTS ELPIDA MEMORY, INC., ELPIDA MEMORY (USA) INC., ACER INC., ACER AMERICA CORP., ADATA TECHNOLOGY CO., LTD., ADATA TECHNOLOGY (U.S.A.) CO., LTD., ASUSTEK COMPUTER INC., ASUS COMPUTER INTERNATIONAL, INC., DELL, INC., HEWLETT-PACKARD COMPANY, KINGSTON TECHNOLOGY CO., INC.:**

| | |
|---|---|
| Marcia H. Sundeen, Esq.<br>KENYON & KENYON LLP<br>1500 K Street, N.W.<br>Washington, DC 20005 | ☐ **VIA HAND DELIVERY**<br>☒ **VIA ELECTRONIC MAIL**<br>(IntellectualVenturesvElpida13486-40001@kenyon.com)<br>☐ **VIA OVERNIGHT DELIVERY** |
| George E. Badenoch, Esq.<br>Thomas R. Makin, Esq.<br>Rose Cordero Prey, Esq.<br>Christopher M. Scott, Esq.<br>Matt Berkowitz, Esq.<br>KENYON & KENYON LLP<br>One Broadway<br>New York, NY 10004-1007 | |

**COUNSEL FOR RESPONDENTS HYNIX SEMICONDUCTOR INC.; HYNIX SEMICONDUCTOR AMERICA, INC.; ACER INC.; ACER AMERICA CORP.; ADATA TECHNOLOGY CO., LTD.; ADATA TECHNOLOGY (USA) CO.; ASUSTEK COMPUTER INC.; ASUS COMPUTER INTERNATIONAL INC.; BEST BUY CO., INC., DELL, INC.; HEWLETT-PACKARD COMPANY; KINGSTON TECHNOLOGY CO., INC.; LOGITECH INTERNATIONAL S.A.; AND LOGITECH, INC.:**

| | |
|---|---|
| Eric C. Rusnak, Esq.<br>K&L GATES LLP<br>1601 K Street, NW<br>Washington, DC 20006-1600 | ☐ **VIA HAND DELIVERY**<br>☒ **VIA ELECTRONIC MAIL**<br>(HynixITC@klgates.com)<br>☐ **VIA OVERNIGHT DELIVERY** |

Michael J. Bettinger, Esq.
Timothy P. Walker, Esq.
Howard Chen, Esq.
Harold H. Davis, Jr., Esq.
K&L GATES LLP
Four Embarcadero Center, 12th Floor
San Francisco, CA 94111

Michael J. Abernathy, Esq.
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207

**COUNSEL FOR RESPONDENTS NANYA TECHNOLOGY
CORPORATION, USA AND NANYA TECHNOLOGY CORPORATION**

| | | |
|---|---|---|
| Robert E. Freitas, Esq. | ☐ | **VIA HAND DELIVERY** |
| FREITAS, TSENG, BAIK & KAUFMAN LLP | ☒ | **VIA ELECTRONIC MAIL** |
| 100 Marine Parkway, Suite 200 | | (NanyaIVFTBK@ftbklaw.com) |
| Redwood City, CA 94065 | ☐ | **VIA OVERNIGHT DELIVERY** |

**COUNSEL FOR RESPONDENT DELL INC.:**

| | | |
|---|---|---|
| Mark L. Whitaker, Esq. | ☐ | **VIA HAND DELIVERY** |
| BAKER BOTTS L.L.P. | ☒ | **VIA ELECTRONIC MAIL** |
| The Warner | | (IVC-Dell@bakerbotts.com) |
| 1299 Pennsylvania Ave., N.W. | ☐ | **VIA OVERNIGHT DELIVERY** |
| Washington, D.C. 20004 | | |

**COUNSEL FOR RESPONDENT WAL-MART STORES, INC.:**

| | | |
|---|---|---|
| James L. Quarles III, Esq. | ☐ | **VIA HAND DELIVERY** |
| Spence Chubb, Esq. | ☒ | **VIA ELECTRONIC MAIL** |
| Tonya Robinson, Esq. | | (whwalmartitcservicelist@wilmerhale.com) |
| Amanda Major, Esq. | ☐ | **VIA OVERNIGHT DELIVERY** |
| Elise Miller, Esq. | | |
| WILMER CUTLER PICKERING HALE AND DOOR LLP | | |
| 1875 Pennsylvania Ave., N.W. | | |
| Washington, DC 20006 | | |

/s/ Sara Ferguson
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1133 Connecticut Avenue, N.W., Twelfth Floor
Washington, DC 20036

INTVEN100012-Disc

2

## UNITED STATES INTERNATIONAL TRADE COMMISSION
## Washington, DC

### The Honorable E. James Gildea
### Administrative Law Judge

| |
|---|
| **In the Matter of** |
| **CERTAIN DYNAMIC RANDOM ACCESS MEMORY AND NAND FLASH MEMORY DEVICES AND PRODUCTS CONTAINING SAME** |

Inv. No. 337-TA-803

## COMPLAINANTS' SECOND NOTICE OF DEPOSITION OF YOSHITAKA ISHIHARA

**TO:**    All Parties and their Attorneys of Record.

**PLEASE TAKE NOTICE** that, by the authority of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, and pursuant to 19 C.F.R. §§ 210.27 and 210.28, Complainants Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC, (collectively, "Complainants"), by and through counsel, will take the deposition of Yoshitaka Ishihara on or about March 23, 2012, starting at 9:00 a.m., at the Consulate General of the United States of America, Osaka-Kobe, 2-11-5 Nishitenma, Kita-ku, Osaka 530-8543 (Tel. No. 06-6315-5900), or at such other time and place as agreed upon by the parties.

This deposition will be taken before a Notary Public or other persons authorized by law to administer oaths. The deposition will also be recorded stenographically and videotaped. The deposition shall continue from day to day until completed. Testimony derived pursuant to this Notice of Deposition shall be used for the purpose of discovery, for use at the hearing in this matter, and for any and all other appropriate purposes permitted by the U.S. International Trade

Commission's Rules of Practice and Procedure and the Ground Rules entered in this investigation.

You are invited to attend and exercise your rights under the Rules.

Dated: February 8, 2012                    Respectfully submitted,


/s/ David H. Hollander, Jr.
Tom M. Schaumberg
David H. Hollander, Jr.
Qian Sheng
Beau Jackson
**ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.**
1133 Connecticut Avenue NW, Twelfth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile:  (202) 466-2006

Elliot Brown
Benjamin W. Hattenbach
Ellisen S. Turner
Brian Ledahl
Gunnar B. Gundersen
**IRELL & MANELLA, L.L.P.**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile:  (310) 203-7199

*Counsel for Complainants*

INTVEN601312.docx

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **COMPLAINANTS' SECOND NOTICE OF DEPOSITION OF YOSHITAKA ISHIHARA** was served to the parties, in the manner indicated below, this 8th day of February 2012:

| | |
|---|---|
| Vu Bui, Esq. | ☐ **VIA HAND DELIVERY** |
| Office of Unfair Import Investigations | ☒ **VIA ELECTRONIC MAIL** |
| U.S. INTERNATIONAL TRADE COMMISSION | (Vu.Bui@usitc.gov) |
| 500 E Street, SW, Room 401-P | |
| Washington, DC 20436 | |

**COUNSEL FOR RESPONDENTS ELPIDA MEMORY, INC., ELPIDA MEMORY (USA) INC., ACER INC., ACER AMERICA CORP., ADATA TECHNOLOGY CO., LTD., ADATA TECHNOLOGY (U.S.A.) CO., LTD., ASUSTEK COMPUTER INC., ASUS COMPUTER INTERNATIONAL, INC., DELL, INC., HEWLETT-PACKARD COMPANY, KINGSTON TECHNOLOGY CO., INC.:**

| | |
|---|---|
| Marcia H. Sundeen, Esq. | ☐ **VIA HAND DELIVERY** |
| KENYON & KENYON LLP | ☒ **VIA ELECTRONIC MAIL** |
| 1500 K Street, N.W. | (IntellectualVenturesvElpida13486- |
| Washington, DC 20005 | 40001@kenyon.com) |
| | ☐ **VIA OVERNIGHT DELIVERY** |

George E. Badenoch, Esq.
Thomas R. Makin, Esq.
Rose Cordero Prey, Esq.
Christopher M. Scott, Esq.
Matt Berkowitz, Esq.
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007

**COUNSEL FOR RESPONDENTS HYNIX SEMICONDUCTOR INC.; HYNIX SEMICONDUCTOR AMERICA, INC.; ACER INC.; ACER AMERICA CORP.; ADATA TECHNOLOGY CO., LTD.; ADATA TECHNOLOGY (USA) CO.; ASUSTEK COMPUTER INC.; ASUS COMPUTER INTERNATIONAL INC.; BEST BUY CO., INC., DELL, INC.; HEWLETT-PACKARD COMPANY; KINGSTON TECHNOLOGY CO., INC.; LOGITECH INTERNATIONAL S.A.; AND LOGITECH, INC.:**

| | |
|---|---|
| Eric C. Rusnak, Esq. | ☐ **VIA HAND DELIVERY** |
| K&L GATES LLP | ☒ **VIA ELECTRONIC MAIL** |
| 1601 K Street, NW | (HynixITC@klgates.com) |
| Washington, DC 20006-1600 | ☐ **VIA OVERNIGHT DELIVERY** |

Michael J. Bettinger, Esq.
Timothy P. Walker, Esq.
Howard Chen, Esq.
Harold H. Davis, Jr., Esq.
K&L GATES LLP
Four Embarcadero Center, 12th Floor
San Francisco, CA 94111

Michael J. Abernathy, Esq.
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207

**COUNSEL FOR RESPONDENTS NANYA TECHNOLOGY**
**CORPORATION, USA AND NANYA TECHNOLOGY CORPORATION**

| | |
|---|---|
| Robert E. Freitas, Esq. | ☐ **VIA HAND DELIVERY** |
| FREITAS, TSENG, BAIK & KAUFMAN LLP | ☒ **VIA ELECTRONIC MAIL** |
| 100 Marine Parkway, Suite 200 | (NanyaIVFTBK@ftbklaw.com) |
| Redwood City, CA 94065 | ☐ **VIA OVERNIGHT DELIVERY** |

**COUNSEL FOR RESPONDENT DELL INC.:**

| | |
|---|---|
| Mark L. Whitaker, Esq. | ☐ **VIA HAND DELIVERY** |
| BAKER BOTTS L.L.P. | ☒ **VIA ELECTRONIC MAIL** |
| The Warner | (IVC-Dell@bakerbotts.com) |
| 1299 Pennsylvania Ave., N.W. | ☐ **VIA OVERNIGHT DELIVERY** |
| Washington, D.C. 20004 | |

**COUNSEL FOR RESPONDENT WAL-MART STORES, INC.:**

| | |
|---|---|
| James L. Quarles III, Esq. | ☐ **VIA HAND DELIVERY** |
| Spence Chubb, Esq. | ☒ **VIA ELECTRONIC MAIL** |
| Tonya Robinson, Esq. | (whwalmartitcservicelist@wilmerhale.com) |
| Amanda Major, Esq. | ☐ **VIA OVERNIGHT DELIVERY** |
| Elise Miller, Esq. | |
| WILMER CUTLER PICKERING HALE AND DORR LLP | |
| 1875 Pennsylvania Ave., N.W. | |
| Washington, DC 20006 | |

/s/ Sara Ferguson
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1133 Connecticut Avenue, N.W., Twelfth Floor
Washington, DC 20036

INTVEN100012-Disc

2

## UNITED STATES INTERNATIONAL TRADE COMMISSION
### Washington, DC

### The Honorable E. James Gildea
### Administrative Law Judge

| |
|---|
| **In the Matter of**<br><br>**CERTAIN DYNAMIC RANDOM ACCESS MEMORY AND NAND FLASH MEMORY DEVICES AND PRODUCTS CONTAINING SAME** |

Inv. No. 337-TA-803

## COMPLAINANTS' NOTICE OF DEPOSITION OF SHOTAROU KOBAYASHI

**TO:**   All Parties and their Attorneys of Record.

**PLEASE TAKE NOTICE** that, by the authority of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, and pursuant to 19 C.F.R. §§ 210.27 and 210.28, Complainants Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC, (collectively, "Complainants"), by and through counsel, will take the deposition of Shotarou Kobayashi on or about March 28, 2012, starting at 9:00 a.m., at the Consulate General of the United States of America, Osaka-Kobe, 2-11-5 Nishitenma, Kita-ku, Osaka 530-8543 (Tel. No. 06-6315-5900), or at such other time and place as agreed upon by the parties.

This deposition will be taken before a Notary Public or other persons authorized by law to administer oaths. The deposition will also be recorded stenographically and videotaped. The deposition shall continue from day to day until completed. Testimony derived pursuant to this Notice of Deposition shall be used for the purpose of discovery, for use at the hearing in this matter, and for any and all other appropriate purposes permitted by the U.S. International Trade

Commission's Rules of Practice and Procedure and the Ground Rules entered in this investigation.

You are invited to attend and exercise your rights under the Rules.

Dated: February 8, 2012                    Respectfully submitted,


                                           /s/ David H. Hollander, Jr.
                                           Tom M. Schaumberg
                                           David H. Hollander, Jr.
                                           Qian Sheng
                                           Beau Jackson
                                           ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
                                           1133 Connecticut Avenue NW, Twelfth Floor
                                           Washington, DC 20036
                                           Telephone: (202) 467-6300
                                           Facsimile:  (202) 466-2006


                                           Elliot Brown
                                           Benjamin W. Hattenbach
                                           Ellisen S. Turner
                                           Brian Ledahl
                                           Gunnar B. Gundersen
                                           IRELL & MANELLA, L.L.P.
                                           1800 Avenue of the Stars, Suite 900
                                           Los Angeles, CA 90067
                                           Telephone: (310) 277-1010
                                           Facsimile:  (310) 203-7199

                                           *Counsel for Complainants*

INTVEN601412.docx

- 2 -

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing **COMPLAINANTS' NOTICE OF DEPOSITION OF SHOTAROU KOBAYASHI** was served to the parties, in the manner indicated below, this 8th day of February 2012:

Vu Bui, Esq.  
Office of Unfair Import Investigations  
U.S. INTERNATIONAL TRADE COMMISSION  
500 E Street, SW, Room 401-P  
Washington, DC 20436  

☐ VIA HAND DELIVERY  
☒ VIA ELECTRONIC MAIL  
   (Vu.Bui@usitc.gov)

**COUNSEL FOR RESPONDENTS ELPIDA MEMORY, INC., ELPIDA MEMORY (USA) INC., ACER INC., ACER AMERICA CORP., ADATA TECHNOLOGY CO., LTD., ADATA TECHNOLOGY (U.S.A.) CO., LTD., ASUSTEK COMPUTER INC., ASUS COMPUTER INTERNATIONAL, INC., DELL, INC., HEWLETT-PACKARD COMPANY, KINGSTON TECHNOLOGY CO., INC.:**

Marcia H. Sundeen, Esq.  
KENYON & KENYON LLP  
1500 K Street, N.W.  
Washington, DC 20005  

☐ VIA HAND DELIVERY  
☒ VIA ELECTRONIC MAIL  
   (IntellectualVenturesvElpida13486-  
   40001@kenyon.com)  
☐ VIA OVERNIGHT DELIVERY

George E. Badenoch, Esq.  
Thomas R. Makin, Esq.  
Rose Cordero Prey, Esq.  
Christopher M. Scott, Esq.  
Matt Berkowitz, Esq.  
KENYON & KENYON LLP  
One Broadway  
New York, NY 10004-1007  

**COUNSEL FOR RESPONDENTS HYNIX SEMICONDUCTOR INC.; HYNIX SEMICONDUCTOR AMERICA, INC.; ACER INC.; ACER AMERICA CORP.; ADATA TECHNOLOGY CO., LTD.; ADATA TECHNOLOGY (USA) CO.; ASUSTEK COMPUTER INC.; ASUS COMPUTER INTERNATIONAL INC.; BEST BUY CO., INC.; DELL, INC.; HEWLETT-PACKARD COMPANY; KINGSTON TECHNOLOGY CO., INC.; LOGITECH INTERNATIONAL S.A.; AND LOGITECH, INC.:**

Eric C. Rusnak, Esq.  
K&L GATES LLP  
1601 K Street, NW  
Washington, DC 20006-1600  

☐ VIA HAND DELIVERY  
☒ VIA ELECTRONIC MAIL  
   (HynixITC@klgates.com)  
☐ VIA OVERNIGHT DELIVERY

Michael J. Bettinger, Esq.
Timothy P. Walker, Esq.
Howard Chen, Esq.
Harold H. Davis, Jr., Esq.
K&L GATES LLP
Four Embarcadero Center, 12th Floor
San Francisco, CA 94111

Michael J. Abernathy, Esq.
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207

**COUNSEL FOR RESPONDENTS NANYA TECHNOLOGY
CORPORATION, USA AND NANYA TECHNOLOGY CORPORATION**

| | |
|---|---|
| Robert E. Freitas, Esq. | ☐ VIA HAND DELIVERY |
| FREITAS, TSENG, BAIK & KAUFMAN LLP | ☒ VIA ELECTRONIC MAIL |
| 100 Marine Parkway, Suite 200 | (NanyaIVFTBK@ftbklaw.com) |
| Redwood City, CA 94065 | ☐ VIA OVERNIGHT DELIVERY |

**COUNSEL FOR RESPONDENT DELL INC.:**

| | |
|---|---|
| Mark L. Whitaker, Esq. | ☐ VIA HAND DELIVERY |
| BAKER BOTTS L.L.P. | ☒ VIA ELECTRONIC MAIL |
| The Warner | (IVC-Dell@bakerbotts.com) |
| 1299 Pennsylvania Ave., N.W. | ☐ VIA OVERNIGHT DELIVERY |
| Washington, D.C. 20004 | |

**COUNSEL FOR RESPONDENT WAL-MART STORES, INC.:**

| | |
|---|---|
| James L. Quarles III, Esq. | ☐ VIA HAND DELIVERY |
| Spence Chubb, Esq. | ☒ VIA ELECTRONIC MAIL |
| Tonya Robinson, Esq. | (whwalmartitcservicelist@wilmerhale.com) |
| Amanda Major, Esq. | ☐ VIA OVERNIGHT DELIVERY |
| Elise Miller, Esq. | |
| WILMER CUTLER PICKERING HALE AND DOOR LLP | |
| 1875 Pennsylvania Ave., N.W. | |
| Washington, DC 20006 | |

/s/ Sara Ferguson
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1133 Connecticut Avenue, N.W., Twelfth Floor
Washington, DC 20036

INTVEN100012-Disc

## UNITED STATES INTERNATIONAL TRADE COMMISSION
### Washington, DC

### The Honorable E. James Gildea
### Administrative Law Judge

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN DYNAMIC RANDOM<br>ACCESS MEMORY AND NAND FLASH<br>MEMORY DEVICES AND PRODUCTS<br>CONTAINING SAME** | Inv. No. 337-TA-803 |

## COMPLAINANTS' NOTICE OF DEPOSITION OF KOUZI KOSHIKAWA

**TO:**    All Parties and their Attorneys of Record.

**PLEASE TAKE NOTICE** that, by the authority of Section 337 of the Tariff Act of

1930, as amended, 19 U.S.C. § 1337, and pursuant to 19 C.F.R. §§ 210.27 and 210.28,

Complainants Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P.,

Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II

LLC, (collectively, "Complainants"), by and through counsel, will take the deposition of Kouzi

Koshikawa on or about March 26, 2012, starting at 9:00 a.m., at the Consulate General of the

United States of America, Osaka-Kobe, 2-11-5 Nishitenma, Kita-ku, Osaka 530-8543 (Tel. No.

06-6315-5900), or at such other time and place as agreed upon by the parties.

This deposition will be taken before a Notary Public or other persons authorized by law

to administer oaths.  The deposition will also be recorded stenographically and videotaped.  The

deposition shall continue from day to day until completed.  Testimony derived pursuant to this

Notice of Deposition shall be used for the purpose of discovery, for use at the hearing in this

matter, and for any and all other appropriate purposes permitted by the U.S. International Trade

Commission's Rules of Practice and Procedure and the Ground Rules entered in this investigation.

You are invited to attend and exercise your rights under the Rules.

Dated: February 8, 2012                    Respectfully submitted,


                                           /s/ David H. Hollander, Jr.
                                           Tom M. Schaumberg
                                           David H. Hollander, Jr.
                                           Qian Sheng
                                           Beau Jackson
                                           **ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.**
                                           1133 Connecticut Avenue NW, Twelfth Floor
                                           Washington, DC 20036
                                           Telephone: (202) 467-6300
                                           Facsimile:  (202) 466-2006

                                           Elliot Brown
                                           Benjamin W. Hattenbach
                                           Ellisen S. Turner
                                           Brian Ledahl
                                           Gunnar B. Gundersen
                                           **IRELL & MANELLA, L.L.P.**
                                           1800 Avenue of the Stars, Suite 900
                                           Los Angeles, CA 90067
                                           Telephone: (310) 277-1010
                                           Facsimile:  (310) 203-7199

                                           *Counsel for Complainants*

INTVEN601612.docx

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **COMPLAINANTS' NOTICE OF DEPOSITION OF KOUZI KOSHIKAWA** was served to the parties, in the manner indicated below, this 8th day of February 2012:

| | |
|---|---|
| Vu Bui, Esq.<br>Office of Unfair Import Investigations<br>U.S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, SW, Room 401-P<br>Washington, DC 20436 | ☐ **VIA HAND DELIVERY**<br>☒ **VIA ELECTRONIC MAIL**<br>(Vu.Bui@usitc.gov) |

**COUNSEL FOR RESPONDENTS ELPIDA MEMORY, INC., ELPIDA MEMORY (USA) INC., ACER INC., ACER AMERICA CORP., ADATA TECHNOLOGY CO., LTD., ADATA TECHNOLOGY (U.S.A.) CO., LTD., ASUSTEK COMPUTER INC., ASUS COMPUTER INTERNATIONAL, INC., DELL, INC., HEWLETT-PACKARD COMPANY, KINGSTON TECHNOLOGY CO., INC.:**

| | |
|---|---|
| Marcia H. Sundeen, Esq.<br>KENYON & KENYON LLP<br>1500 K Street, N.W.<br>Washington, DC 20005 | ☐ **VIA HAND DELIVERY**<br>☒ **VIA ELECTRONIC MAIL**<br>(IntellectualVenturesvElpida13486-40001@kenyon.com)<br>☐ **VIA OVERNIGHT DELIVERY** |
| George E. Badenoch, Esq.<br>Thomas R. Makin, Esq.<br>Rose Cordero Prey, Esq.<br>Christopher M. Scott, Esq.<br>Matt Berkowitz, Esq.<br>KENYON & KENYON LLP<br>One Broadway<br>New York, NY 10004-1007 | |

**COUNSEL FOR RESPONDENTS HYNIX SEMICONDUCTOR INC.; HYNIX SEMICONDUCTOR AMERICA, INC.; ACER INC.; ACER AMERICA CORP.; ADATA TECHNOLOGY CO., LTD.; ADATA TECHNOLOGY (USA) CO.; ASUSTEK COMPUTER INC.; ASUS COMPUTER INTERNATIONAL INC.; BEST BUY CO., INC., DELL, INC.; HEWLETT-PACKARD COMPANY; KINGSTON TECHNOLOGY CO., INC.; LOGITECH INTERNATIONAL S.A.; AND LOGITECH, INC.:**

| | |
|---|---|
| Eric C. Rusnak, Esq.<br>K&L GATES LLP<br>1601 K Street, NW<br>Washington, DC 20006-1600 | ☐ **VIA HAND DELIVERY**<br>☒ **VIA ELECTRONIC MAIL**<br>(HynixITC@klgates.com)<br>☐ **VIA OVERNIGHT DELIVERY** |

Michael J. Bettinger, Esq.
Timothy P. Walker, Esq.
Howard Chen, Esq.
Harold H. Davis, Jr., Esq.
K&L GATES LLP
Four Embarcadero Center, 12th Floor
San Francisco, CA 94111

Michael J. Abernathy, Esq.
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207

COUNSEL FOR RESPONDENTS NANYA TECHNOLOGY
CORPORATION, USA AND NANYA TECHNOLOGY CORPORATION

Robert E. Freitas, Esq.
FREITAS, TSENG, BAIK & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood City, CA 94065

☐ VIA HAND DELIVERY
☒ VIA ELECTRONIC MAIL
(NanyaIVFTBK@ftbklaw.com)
☐ VIA OVERNIGHT DELIVERY

COUNSEL FOR RESPONDENT DELL INC.:

Mark L. Whitaker, Esq.
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004

☐ VIA HAND DELIVERY
☒ VIA ELECTRONIC MAIL
(IVC-Dell@bakerbotts.com)
☐ VIA OVERNIGHT DELIVERY

COUNSEL FOR RESPONDENT WAL-MART STORES, INC.:

James L. Quarles III, Esq.
Spence Chubb, Esq.
Tonya Robinson, Esq.
Amanda Major, Esq.
Elise Miller, Esq.
WILMER CUTLER PICKERING HALE AND DOOR LLP
1875 Pennsylvania Ave., N.W.
Washington, DC 20006

☐ VIA HAND DELIVERY
☒ VIA ELECTRONIC MAIL
(whwalmartitcservicelist@wilmerhale.com)
☐ VIA OVERNIGHT DELIVERY

/s/ Sara Ferguson
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1133 Connecticut Avenue, N.W., Twelfth Floor
Washington, DC 20036

INTVEN100012-Disc

2

# UNITED STATES INTERNATIONAL TRADE COMMISSION
## Washington, DC

### The Honorable E. James Gildea
### Administrative Law Judge

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN DYNAMIC RANDOM ACCESS MEMORY AND NAND FLASH MEMORY DEVICES AND PRODUCTS CONTAINING SAME** | Inv. No. 337-TA-803 |

## COMPLAINANTS' NOTICE OF DEPOSITION OF MAMORU NAGASE

**TO:**     All Parties and their Attorneys of Record.

**PLEASE TAKE NOTICE** that, by the authority of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, and pursuant to 19 C.F.R. §§ 210.27 and 210.28, Complainants Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC, (collectively, "Complainants"), by and through counsel, will take the deposition of Mamoru Nagase on or about March 30, 2012, starting at 9:00 a.m., at the Consulate General of the United States of America, Osaka-Kobe, 2-11-5 Nishitenma, Kita-ku, Osaka 530-8543 (Tel. No. 06-6315-5900), or at such other time and place as agreed upon by the parties.

This deposition will be taken before a Notary Public or other persons authorized by law to administer oaths. The deposition will also be recorded stenographically and videotaped. The deposition shall continue from day to day until completed. Testimony derived pursuant to this Notice of Deposition shall be used for the purpose of discovery, for use at the hearing in this matter, and for any and all other appropriate purposes permitted by the U.S. International Trade

Commission's Rules of Practice and Procedure and the Ground Rules entered in this investigation.

You are invited to attend and exercise your rights under the Rules.

Dated: February 8, 2012                    Respectfully submitted,


                                           /s/ David H. Hollander, Jr.
                                           Tom M. Schaumberg
                                           David H. Hollander, Jr.
                                           Qian Sheng
                                           Beau Jackson
                                           **ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.**
                                           1133 Connecticut Avenue NW, Twelfth Floor
                                           Washington, DC 20036
                                           Telephone:  (202) 467-6300
                                           Facsimile:  (202) 466-2006

                                           Elliot Brown
                                           Benjamin W. Hattenbach
                                           Ellisen S. Turner
                                           Brian Ledahl
                                           Gunnar B. Gundersen
                                           **IRELL & MANELLA, L.L.P.**
                                           1800 Avenue of the Stars, Suite 900
                                           Los Angeles, CA 90067
                                           Telephone:  (310) 277-1010
                                           Facsimile:  (310) 203-7199

                                           *Counsel for Complainants*


INTVEN601612.docx


- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **COMPLAINANTS' NOTICE OF DEPOSITION OF MAMORU NAGASE** was served to the parties, in the manner indicated below, this 8th day of February 2012:

| | |
|---|---|
| Vu Bui, Esq.<br>Office of Unfair Import Investigations<br>U.S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, SW, Room 401-P<br>Washington, DC 20436 | ☐ VIA HAND DELIVERY<br>☒ VIA ELECTRONIC MAIL<br>(Vu.Bui@usitc.gov) |

**COUNSEL FOR RESPONDENTS ELPIDA MEMORY, INC., ELPIDA MEMORY (USA) INC., ACER INC., ACER AMERICA CORP., ADATA TECHNOLOGY CO., LTD., ADATA TECHNOLOGY (U.S.A.) CO., LTD., ASUSTEK COMPUTER INC., ASUS COMPUTER INTERNATIONAL, INC., DELL, INC., HEWLETT-PACKARD COMPANY, KINGSTON TECHNOLOGY CO., INC.:**

| | |
|---|---|
| Marcia H. Sundeen, Esq.<br>KENYON & KENYON LLP<br>1500 K Street, N.W.<br>Washington, DC 20005 | ☐ VIA HAND DELIVERY<br>☒ VIA ELECTRONIC MAIL<br>(IntellectualVenturesvElpida13486-<br>40001@kenyon.com)<br>☐ VIA OVERNIGHT DELIVERY |

George E. Badenoch, Esq.
Thomas R. Makin, Esq.
Rose Cordero Prey, Esq.
Christopher M. Scott, Esq.
Matt Berkowitz, Esq.
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007

**COUNSEL FOR RESPONDENTS HYNIX SEMICONDUCTOR INC.; HYNIX SEMICONDUCTOR AMERICA, INC.; ACER INC.; ACER AMERICA CORP.; ADATA TECHNOLOGY CO., LTD.; ADATA TECHNOLOGY (USA) CO.; ASUSTEK COMPUTER INC.; ASUS COMPUTER INTERNATIONAL INC.; BEST BUY CO., INC., DELL, INC.; HEWLETT-PACKARD COMPANY; KINGSTON TECHNOLOGY CO., INC.; LOGITECH INTERNATIONAL S.A.; AND LOGITECH, INC.:**

| | |
|---|---|
| Eric C. Rusnak, Esq.<br>K&L GATES LLP<br>1601 K Street, NW<br>Washington, DC 20006-1600 | ☐ VIA HAND DELIVERY<br>☒ VIA ELECTRONIC MAIL<br>(HynixITC@klgates.com)<br>☐ VIA OVERNIGHT DELIVERY |

Michael J. Bettinger, Esq.
Timothy P. Walker, Esq.
Howard Chen, Esq.
Harold H. Davis, Jr., Esq.
K&L GATES LLP
Four Embarcadero Center, 12th Floor
San Francisco, CA 94111

Michael J. Abernathy, Esq.
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207

**COUNSEL FOR RESPONDENTS NANYA TECHNOLOGY**
**CORPORATION, USA AND NANYA TECHNOLOGY CORPORATION**

| Robert E. Freitas, Esq. | ☐ **VIA HAND DELIVERY** |
|---|---|
| FREITAS, TSENG, BAIK & KAUFMAN LLP | ☒ **VIA ELECTRONIC MAIL** |
| 100 Marine Parkway, Suite 200 | (NanyaIVFTBK@ftbklaw.com) |
| Redwood City, CA 94065 | ☐ **VIA OVERNIGHT DELIVERY** |

**COUNSEL FOR RESPONDENT DELL INC.:**

| Mark L. Whitaker, Esq. | ☐ **VIA HAND DELIVERY** |
|---|---|
| BAKER BOTTS L.L.P. | ☒ **VIA ELECTRONIC MAIL** |
| The Warner | (IVC-Dell@bakerbotts.com) |
| 1299 Pennsylvania Ave., N.W. | ☐ **VIA OVERNIGHT DELIVERY** |
| Washington, D.C. 20004 | |

**COUNSEL FOR RESPONDENT WAL-MART STORES, INC.:**

| James L. Quarles III, Esq. | ☐ **VIA HAND DELIVERY** |
|---|---|
| Spence Chubb, Esq. | ☒ **VIA ELECTRONIC MAIL** |
| Tonya Robinson, Esq. | (whwalmartitcservicelist@wilmerhale.com) |
| Amanda Major, Esq. | ☐ **VIA OVERNIGHT DELIVERY** |
| Elise Miller, Esq. | |
| WILMER CUTLER PICKERING HALE AND DOOR LLP | |
| 1875 Pennsylvania Ave., N.W. | |
| Washington, DC 20006 | |

/s/ Sara Ferguson
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1133 Connecticut Avenue, N.W., Twelfth Floor
Washington, DC 20036

INTVEN100012-Disc

2

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, DC

The Honorable E. James Gildea
Administrative Law Judge

| In the Matter of | |
| --- | --- |
| CERTAIN DYNAMIC RANDOM ACCESS MEMORY AND NAND FLASH MEMORY DEVICES AND PRODUCTS CONTAINING SAME | Inv. No. 337-TA-803 |

## COMPLAINANTS' NOTICE OF DEPOSITION OF TAKASHI OBARA

**TO:**    All Parties and their Attorneys of Record.

**PLEASE TAKE NOTICE** that, by the authority of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, and pursuant to 19 C.F.R. §§ 210.27 and 210.28, Complainants Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC, (collectively, "Complainants"), by and through counsel, will take the deposition of Takashi Obara on or about March 27, 2012, starting at 9:00 a.m., at the Consulate General of the United States of America, Osaka-Kobe, 2-11-5 Nishitenma, Kita-ku, Osaka 530-8543 (Tel. No. 06-6315-5900), or at such other time and place as agreed upon by the parties.

This deposition will be taken before a Notary Public or other persons authorized by law to administer oaths. The deposition will also be recorded stenographically and videotaped. The deposition shall continue from day to day until completed. Testimony derived pursuant to this Notice of Deposition shall be used for the purpose of discovery, for use at the hearing in this matter, and for any and all other appropriate purposes permitted by the U.S. International Trade

Commission's Rules of Practice and Procedure and the Ground Rules entered in this investigation.

You are invited to attend and exercise your rights under the Rules.

Dated: February 8, 2012

Respectfully submitted,

/s/ David H. Hollander, Jr.
Tom M. Schaumberg
David H. Hollander, Jr.
Qian Sheng
Beau Jackson
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1133 Connecticut Avenue NW, Twelfth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile:  (202) 466-2006

Elliot Brown
Benjamin W. Hattenbach
Ellisen S. Turner
Brian Ledahl
Gunnar B. Gundersen
IRELL & MANELLA, L.L.P.
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile:  (310) 203-7199

*Counsel for Complainants*

INTVEN601712.docx

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **COMPLAINANTS' NOTICE OF DEPOSITION OF TAKASHI OBARA** was served to the parties, in the manner indicated below, this 8th day of February 2012:

| | |
|---|---|
| Vu Bui, Esq.<br>Office of Unfair Import Investigations<br>U.S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, SW, Room 401-P<br>Washington, DC 20436 | ☐ **VIA HAND DELIVERY**<br>☒ **VIA ELECTRONIC MAIL**<br>(Vu.Bui@usitc.gov) |

**COUNSEL FOR RESPONDENTS ELPIDA MEMORY, INC., ELPIDA MEMORY (USA) INC., ACER INC., ACER AMERICA CORP., ADATA TECHNOLOGY CO., LTD., ADATA TECHNOLOGY (U.S.A.) CO., LTD., ASUSTEK COMPUTER INC., ASUS COMPUTER INTERNATIONAL, INC., DELL, INC., HEWLETT-PACKARD COMPANY, KINGSTON TECHNOLOGY CO., INC.:**

| | |
|---|---|
| Marcia H. Sundeen, Esq.<br>KENYON & KENYON LLP<br>1500 K Street, N.W.<br>Washington, DC 20005 | ☐ **VIA HAND DELIVERY**<br>☒ **VIA ELECTRONIC MAIL**<br>(IntellectualVenturesvElpida13486-40001@kenyon.com)<br>☐ **VIA OVERNIGHT DELIVERY** |
| George E. Badenoch, Esq.<br>Thomas R. Makin, Esq.<br>Rose Cordero Prey, Esq.<br>Christopher M. Scott, Esq.<br>Matt Berkowitz, Esq.<br>KENYON & KENYON LLP<br>One Broadway<br>New York, NY 10004-1007 | |

**COUNSEL FOR RESPONDENTS HYNIX SEMICONDUCTOR INC.; HYNIX SEMICONDUCTOR AMERICA, INC.; ACER INC.; ACER AMERICA CORP.; ADATA TECHNOLOGY CO., LTD.; ADATA TECHNOLOGY (USA) CO.; ASUSTEK COMPUTER INC.; ASUS COMPUTER INTERNATIONAL INC.; BEST BUY CO., INC., DELL, INC.; HEWLETT-PACKARD COMPANY; KINGSTON TECHNOLOGY CO., INC.; LOGITECH INTERNATIONAL S.A.; AND LOGITECH, INC.:**

| | |
|---|---|
| Eric C. Rusnak, Esq.<br>K&L GATES LLP<br>1601 K Street, NW<br>Washington, DC 20006-1600 | ☐ **VIA HAND DELIVERY**<br>☒ **VIA ELECTRONIC MAIL**<br>(HynixITC@klgates.com)<br>☐ **VIA OVERNIGHT DELIVERY** |

Michael J. Bettinger, Esq.
Timothy P. Walker, Esq.
Howard Chen, Esq.
Harold H. Davis, Jr., Esq.
K&L GATES LLP
Four Embarcadero Center, 12th Floor
San Francisco, CA 94111

Michael J. Abernathy, Esq.
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207

**COUNSEL FOR RESPONDENTS NANYA TECHNOLOGY
CORPORATION, USA AND NANYA TECHNOLOGY CORPORATION**

| | |
|---|---|
| Robert E. Freitas, Esq. | ☐ **VIA HAND DELIVERY** |
| FREITAS, TSENG, BAIK & KAUFMAN LLP | ☒ **VIA ELECTRONIC MAIL** |
| 100 Marine Parkway, Suite 200 | (NanyaIVFTBK@ftbklaw.com) |
| Redwood City, CA 94065 | ☐ **VIA OVERNIGHT DELIVERY** |

**COUNSEL FOR RESPONDENT DELL INC.:**

| | |
|---|---|
| Mark L. Whitaker, Esq. | ☐ **VIA HAND DELIVERY** |
| BAKER BOTTS L.L.P. | ☒ **VIA ELECTRONIC MAIL** |
| The Warner | (IVC-Dell@bakerbotts.com) |
| 1299 Pennsylvania Ave., N.W. | ☐ **VIA OVERNIGHT DELIVERY** |
| Washington, D.C. 20004 | |

**COUNSEL FOR RESPONDENT WAL-MART STORES, INC.:**

| | |
|---|---|
| James L. Quarles III, Esq. | ☐ **VIA HAND DELIVERY** |
| Spence Chubb, Esq. | ☒ **VIA ELECTRONIC MAIL** |
| Tonya Robinson, Esq. | (whwalmartitcservicelist@wilmerhale.com) |
| Amanda Major, Esq. | ☐ **VIA OVERNIGHT DELIVERY** |
| Elise Miller, Esq. | |
| WILMER CUTLER PICKERING HALE AND DOOR LLP | |
| 1875 Pennsylvania Ave., N.W. | |
| Washington, DC 20006 | |

/s/ Sara Ferguson
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1133 Connecticut Avenue, N.W., Twelfth Floor
Washington, DC 20036

INTVEN100012-Disc

2

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, DC

The Honorable E. James Gildea
Administrative Law Judge

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN DYNAMIC RANDOM<br>ACCESS MEMORY AND NAND FLASH<br>MEMORY DEVICES AND PRODUCTS<br>CONTAINING SAME** | Inv. No. 337-TA-803 |

## COMPLAINANTS' NOTICE OF DEPOSITION OF KENSUKE TSUNEDA

**TO:** All Parties and their Attorneys of Record.

**PLEASE TAKE NOTICE** that, by the authority of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, and pursuant to 19 C.F.R. §§ 210.27 and 210.28, Complainants Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC, (collectively, "Complainants"), by and through counsel, will take the deposition of Kensuke Tsuneda on or about March 29, 2012, starting at 9:00 a.m., at the Consulate General of the United States of America, Osaka-Kobe, 2-11-5 Nishitenma, Kita-ku, Osaka 530-8543 (Tel. No. 06-6315-5900), or at such other time and place as agreed upon by the parties.

This deposition will be taken before a Notary Public or other persons authorized by law to administer oaths. The deposition will also be recorded stenographically and videotaped. The deposition shall continue from day to day until completed. Testimony derived pursuant to this Notice of Deposition shall be used for the purpose of discovery, for use at the hearing in this matter, and for any and all other appropriate purposes permitted by the U.S. International Trade

Commission's Rules of Practice and Procedure and the Ground Rules entered in this investigation.

You are invited to attend and exercise your rights under the Rules.

Dated: February 8, 2012                    Respectfully submitted,


/s/ David H. Hollander, Jr.
Tom M. Schaumberg
David H. Hollander, Jr.
Qian Sheng
Beau Jackson
**ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.**
1133 Connecticut Avenue NW, Twelfth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile:  (202) 466-2006

Elliot Brown
Benjamin W. Hattenbach
Ellisen S. Turner
Brian Ledahl
Gunnar B. Gundersen
**IRELL & MANELLA, L.L.P.**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile:  (310) 203-7199

*Counsel for Complainants*

INTVEN601812.docx

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **COMPLAINANTS' NOTICE OF DEPOSITION OF KENSUKE TSUNEDA** was served to the parties, in the manner indicated below, this 8th day of February 2012:

| | |
|---|---|
| Vu Bui, Esq.<br>Office of Unfair Import Investigations<br>U.S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, SW, Room 401-P<br>Washington, DC 20436 | ☐  VIA HAND DELIVERY<br>☒  VIA ELECTRONIC MAIL<br>(Vu.Bui@usitc.gov) |

**COUNSEL FOR RESPONDENTS ELPIDA MEMORY, INC., ELPIDA MEMORY (USA) INC., ACER INC., ACER AMERICA CORP., ADATA TECHNOLOGY CO., LTD., ADATA TECHNOLOGY (U.S.A.) CO., LTD., ASUSTEK COMPUTER INC., ASUS COMPUTER INTERNATIONAL, INC., DELL, INC., HEWLETT-PACKARD COMPANY, KINGSTON TECHNOLOGY CO., INC.:**

| | |
|---|---|
| Marcia H. Sundeen, Esq.<br>KENYON & KENYON LLP<br>1500 K Street, N.W.<br>Washington, DC 20005 | ☐  VIA HAND DELIVERY<br>☒  VIA ELECTRONIC MAIL<br>(IntellectualVenturesvElpida13486-<br>40001@kenyon.com)<br>☐  VIA OVERNIGHT DELIVERY |
| George E. Badenoch, Esq.<br>Thomas R. Makin, Esq.<br>Rose Cordero Prey, Esq.<br>Christopher M. Scott, Esq.<br>Matt Berkowitz, Esq.<br>KENYON & KENYON LLP<br>One Broadway<br>New York, NY 10004-1007 | |

**COUNSEL FOR RESPONDENTS HYNIX SEMICONDUCTOR INC.; HYNIX SEMICONDUCTOR AMERICA, INC.; ACER INC.; ACER AMERICA CORP.; ADATA TECHNOLOGY CO., LTD.; ADATA TECHNOLOGY (USA) CO.; ASUSTEK COMPUTER INC.; ASUS COMPUTER INTERNATIONAL INC.; BEST BUY CO., INC., DELL, INC.; HEWLETT-PACKARD COMPANY; KINGSTON TECHNOLOGY CO., INC.; LOGITECH INTERNATIONAL S.A.; AND LOGITECH, INC.:**

| | |
|---|---|
| Eric C. Rusnak, Esq.<br>K&L GATES LLP<br>1601 K Street, NW<br>Washington, DC 20006-1600 | ☐  VIA HAND DELIVERY<br>☒  VIA ELECTRONIC MAIL<br>(HynixITC@klgates.com)<br>☐  VIA OVERNIGHT DELIVERY |

Michael J. Bettinger, Esq.
Timothy P. Walker, Esq.
Howard Chen, Esq.
Harold H. Davis, Jr., Esq.
K&L GATES LLP
Four Embarcadero Center, 12th Floor
San Francisco, CA 94111

Michael J. Abernathy, Esq.
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207

**COUNSEL FOR RESPONDENTS NANYA TECHNOLOGY
CORPORATION, USA AND NANYA TECHNOLOGY CORPORATION**

| | |
|---|---|
| Robert E. Freitas, Esq. | ☐ VIA HAND DELIVERY |
| FREITAS, TSENG, BAIK & KAUFMAN LLP | ☒ VIA ELECTRONIC MAIL |
| 100 Marine Parkway, Suite 200 | (NanyaIVFTBK@ftbklaw.com) |
| Redwood City, CA 94065 | ☐ VIA OVERNIGHT DELIVERY |

**COUNSEL FOR RESPONDENT DELL INC.:**

| | |
|---|---|
| Mark L. Whitaker, Esq. | ☐ VIA HAND DELIVERY |
| BAKER BOTTS L.L.P. | ☒ VIA ELECTRONIC MAIL |
| The Warner | (IVC-Dell@bakerbotts.com) |
| 1299 Pennsylvania Ave., N.W. | ☐ VIA OVERNIGHT DELIVERY |
| Washington, D.C. 20004 | |

**COUNSEL FOR RESPONDENT WAL-MART STORES, INC.:**

| | |
|---|---|
| James L. Quarles III, Esq. | ☐ VIA HAND DELIVERY |
| Spence Chubb, Esq. | ☒ VIA ELECTRONIC MAIL |
| Tonya Robinson, Esq. | (whwalmartitcservicelist@wilmerhale.com) |
| Amanda Major, Esq. | ☐ VIA OVERNIGHT DELIVERY |
| Elise Miller, Esq. | |
| WILMER CUTLER PICKERING HALE AND DORR LLP | |
| 1875 Pennsylvania Ave., N.W. | |
| Washington, DC 20006 | |

/s/ Sara Ferguson
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1133 Connecticut Avenue, N.W., Twelfth Floor
Washington, DC 20036

INTVEN100012-Disc

2

UNITED STATES INTERNATIONAL TRADE COMMISSION

Washington, DC

The Honorable E. James Gildea
Administrative Law Judge

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN DYNAMIC RANDOM ACCESS MEMORY AND NAND FLASH MEMORY DEVICES AND PRODUCTS CONTAINING SAME** | Inv. No. 337-TA-803 |

## COMPLAINANTS' SECOND NOTICE OF DEPOSITION OF YASUO YOSHITOMI

**TO**:   All Parties and their Attorneys of Record.

**PLEASE TAKE NOTICE** that, by the authority of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, and pursuant to 19 C.F.R. §§ 210.27 and 210.28, Complainants Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC, (collectively, "Complainants"), by and through counsel, will take the deposition of Yasuo Yoshitomi on or about March 20, 2012, starting at 9:00 a.m., at the Consulate General of the United States of America, Osaka-Kobe, 2-11-5 Nishitenma, Kita-ku, Osaka 530-8543 (Tel. No. 06-6315-5900), or at such other time and place as agreed upon by the parties.

This deposition will be taken before a Notary Public or other persons authorized by law to administer oaths. The deposition will also be recorded stenographically and videotaped. The deposition shall continue from day to day until completed. Testimony derived pursuant to this Notice of Deposition shall be used for the purpose of discovery, for use at the hearing in this matter, and for any and all other appropriate purposes permitted by the U.S. International Trade

Commission's Rules of Practice and Procedure and the Ground Rules entered in this investigation.

You are invited to attend and exercise your rights under the Rules.

Dated: February 8, 2012                Respectfully submitted,


                                       /s/ David H. Hollander, Jr.
                                       Tom M. Schaumberg
                                       David H. Hollander, Jr.
                                       Qian Sheng
                                       Beau Jackson
                                       **ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.**
                                       1133 Connecticut Avenue NW, Twelfth Floor
                                       Washington, DC 20036
                                       Telephone: (202) 467-6300
                                       Facsimile:  (202) 466-2006

                                       Elliot Brown
                                       Benjamin W. Hattenbach
                                       Ellisen S. Turner
                                       Brian Ledahl
                                       Gunnar B. Gundersen
                                       **IRELL & MANELLA, L.L.P.**
                                       1800 Avenue of the Stars, Suite 900
                                       Los Angeles, CA 90067
                                       Telephone: (310) 277-1010
                                       Facsimile:  (310) 203-7199

                                       *Counsel for Complainants*

INTVEN600912.docx

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **COMPLAINANTS' SECOND NOTICE OF DEPOSITION OF YASUO YOSHITOMI** was served to the parties, in the manner indicated below, this 8th day of February 2012:

| | |
|---|---|
| Vu Bui, Esq.<br>Office of Unfair Import Investigations<br>U.S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, SW, Room 401-P<br>Washington, DC 20436 | ☐ **VIA HAND DELIVERY**<br>☒ **VIA ELECTRONIC MAIL**<br>(Vu.Bui@usitc.gov) |

**COUNSEL FOR RESPONDENTS ELPIDA MEMORY, INC., ELPIDA MEMORY (USA) INC., ACER INC., ACER AMERICA CORP., ADATA TECHNOLOGY CO., LTD., ADATA TECHNOLOGY (U.S.A.) CO., LTD., ASUSTEK COMPUTER INC., ASUS COMPUTER INTERNATIONAL, INC., DELL, INC., HEWLETT-PACKARD COMPANY, KINGSTON TECHNOLOGY CO., INC.:**

| | |
|---|---|
| Marcia H. Sundeen, Esq.<br>KENYON & KENYON LLP<br>1500 K Street, N.W.<br>Washington, DC 20005 | ☐ **VIA HAND DELIVERY**<br>☒ **VIA ELECTRONIC MAIL**<br>(IntellectualVenturesvElpida13486-<br>40001@kenyon.com)<br>☐ **VIA OVERNIGHT DELIVERY** |
| George E. Badenoch, Esq.<br>Thomas R. Makin, Esq.<br>Rose Cordero Prey, Esq.<br>Christopher M. Scott, Esq.<br>Matt Berkowitz, Esq.<br>KENYON & KENYON LLP<br>One Broadway<br>New York, NY 10004-1007 | |

**COUNSEL FOR RESPONDENTS HYNIX SEMICONDUCTOR INC.; HYNIX SEMICONDUCTOR AMERICA, INC.; ACER INC.; ACER AMERICA CORP.; ADATA TECHNOLOGY CO., LTD.; ADATA TECHNOLOGY (USA) CO.; ASUSTEK COMPUTER INC.; ASUS COMPUTER INTERNATIONAL INC.; BEST BUY CO., INC., DELL, INC.; HEWLETT-PACKARD COMPANY; KINGSTON TECHNOLOGY CO., INC.; LOGITECH INTERNATIONAL S.A.; AND LOGITECH, INC.:**

| | |
|---|---|
| Eric C. Rusnak, Esq.<br>K&L GATES LLP<br>1601 K Street, NW<br>Washington, DC 20006-1600 | ☐ **VIA HAND DELIVERY**<br>☒ **VIA ELECTRONIC MAIL**<br>(HynixITC@klgates.com)<br>☐ **VIA OVERNIGHT DELIVERY** |

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**WASHINGTON, D.C. 20436**

**Before The Honorable E. James Gildea**
**Administrative Law Judge**

| |
|---|
| In the Matter of<br><br>CERTAIN DYNAMIC RANDOM ACCESS<br>MEMORY AND NAND FLASH<br>MEMORY DEVICES AND PRODUCTS<br>CONTAINING SAME |

Investigation No. 337-TA-803

## COMPLAINANTS' FEBRUARY 14, 2012 CORPORATE DEPOSITION NOTICE TO ELPIDA

PLEASE TAKE NOTICE THAT pursuant to 19 C.F.R. §§ 210.27 and 210.28,

Complainants Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P.,

Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II

LLC (collectively, "IV") by and through their attorneys of record, will take the deposition of

Respondents Elpida Memory, Inc. and Elpida Memory (USA) Inc. (collectively "Elpida").

The deposition will commence at 9:30 a.m. on March 1, 2012 at the offices of Irell &

Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067, or at such other

time and place as the parties mutually agree, and will continue from day to day until

completed.

Pursuant to 19 C.F.R. § 210.28(c)-(d), the deposition will take place before a

certified reporter duly authorized to administer oaths and may be recorded by audiovisual

and/or stenographic means, including the use of interactive real-time transcription. The

deposition will be taken for the purpose of discovery, for use at the hearing in this matter,

and for any other purpose permitted under the Commission's Rules of Practice and

Procedure, the Ground Rules, and the Federal Rules of Civil Procedure. The deposition may

also be used in accordance with the parties' Stipulation to Discovery Procedures filed on

December 20, 2011 in this Investigation.

The topics of the deposition are attached hereto as Schedule B. Pursuant to 19 C.F.R

§ 210.28(c), Elpida shall designate one or more officers, directors, managing agents, or

employees to testify as to each of the subjects listed in Schedule B. For each person

designated, you shall advise counsel for IV of the identity of that person and the topic(s) on

which that person shall testify in advance of the deposition. You are invited to attend and

exercise your rights under the Rules.


Dated: February 14, 2012                                    Respectfully Submitted,


Tom M. Schaumberg
David H. Hollander, Jr.
Qian Sheng
Beau A. Jackson
ADDUCI, MASTRIANI &
SCHAUMBERG, L.L.P.
1133 Connecticut Avenue,
12th Floor
Washington, DC 20036
Telephone:    (202) 467-6300
**Facsimile:    (202) 466-2006**

Elliot Brown
Benjamin W. Hattenbach
Ellisen S. Turner
Brian Ledahl
Gunnar B. Gundersen
IRELL & MANELLA, L.L.P.
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone:    (310) 277-1010
Facsimile:    (310) 203-7199

**SCHEDULE A**

**DEFINITIONS**

The deposition topics are subject to and incorporate the following definitions, regardless of whether upper or lower case letters are used:

1.    "This Investigation" shall mean the above-captioned investigation, *In the Matter of Certain Dynamic Random Access Memory and NAND Flash Memory Devices and Products Containing Same*, Investigation No. 337-TA-803.

2.    "Complaint" shall mean the Amended Complaint filed by Complainants under Section 337 of the Tariff Act of 1930, filed August 12, 2011 that led to this Investigation, and any amendments thereto.

3.    "IV" and "Complainant(s)" shall each mean and refer, individually and collectively, to Complainants Intellectual Ventures Management, LLC ("IV Management"), Invention Investment Fund I, L.P. ("IIF I"), Invention Investment Fund II, LLC ("IIF II"), Intellectual Ventures I LLC ("IV I"), and Intellectual Ventures II LLC ("IV II") including, without limitation, any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor or successor-in-interest, any other related entity, or any entity Controlled, directly or indirectly, by any of IV Management, IIF I, IIF II, IV I and/or IV II, and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of IV or others acting or purporting to act on its behalf including outside counsel or patent agents.

4.    "Respondent(s)" shall mean and refer, individually and collectively, to Elpida Memory, Inc., Elpida Memory (USA) Inc., Hynix Semiconductor Inc., Hynix Semiconductor America, Inc., Nanya Technology Corporation, Nanya Technology Corporation, USA, Acer Inc., Acer America Corp., ADATA Technology Co., Ltd., ADATA Technology (U.S.A.), Co. Ltd., Asustek Computer Inc., Asus Computer International Inc., Dell, Inc., Hewlett-Packard Company, Kingston Technology Co., Inc., Logitech International S.A., Logitech, Inc., Pantech Co., Ltd., Pantech Wireless, Inc., Best Buy Co.,

Inc. and Wal-Mart Stores, Inc. including, without limitation, any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor or successor-in-interest, any other related entity, or any entity Controlled, directly or indirectly, by any of the above listed entities, and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of IV or others acting or purporting to act on its behalf including outside counsel or patent agents.

5.      "You," "Your," and "Elpida" refers, individually and collectively, to Elpida Memory, Inc. and Elpida Memory (USA) Inc. including, without limitation, any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor or successor-in-interest, any other related entity, or any entity Controlled, directly or indirectly, by Elpida Memory, Inc. and Elpida Memory (USA) Inc., and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of IV or others acting or purporting to act on its behalf including outside counsel or patent agents.

6.      "Hynix" refers, individually and collectively, to Hynix Semiconductor Inc. and Hynix Semiconductor America, Inc. including, without limitation, any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor or successor-in-interest, any other related entity, or any entity Controlled, directly or indirectly, by Hynix Semiconductor Inc. and Hynix Semiconductor America, Inc., and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of IV or others acting or purporting to act on its behalf including outside counsel or patent agents.

7.      "Nanya" refers, individually and collectively, to Nanya Technology Corporation and Nanya Technology Corporation, USA including, without limitation, any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor or successor-in-interest, any other related entity, or any entity Controlled, directly or indirectly, by Nanya Technology Corporation and Nanya Technology Corporation, USA, and includes any present or former officer, director, agent, employee, consultant, counsel, or

representative of IV or others acting or purporting to act on its behalf including outside counsel or patent agents.

8.     "Acer" refers, individually and collectively, to Acer Inc. and Acer America Corp. including, without limitation, any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor or successor-in-interest, any other related entity, or any entity Controlled, directly or indirectly, by Acer Inc. and Acer America Corp., and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of IV or others acting or purporting to act on its behalf including outside counsel or patent agents.

9.     "ADATA" refers, individually and collectively, to ADATA Technology Co., Ltd. and ADATA Technology (U.S.A.) Co., Ltd. including, without limitation, any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor or successor-in-interest, any other related entity, or any entity Controlled, directly or indirectly, by ADATA Technology Co., Ltd. and ADATA Technology (U.S.A.) Co., Ltd., and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of IV or others acting or purporting to act on its behalf including outside counsel or patent agents.

10.     "Asus" refers, individually and collectively, to Asustek Computer Inc. and Asus Computer International Inc. including, without limitation, any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor or successor-in-interest, any other related entity, or any entity Controlled, directly or indirectly, by Asustek Computer Inc. and Asus Computer International Inc., and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of IV or others acting or purporting to act on its behalf including outside counsel or patent agents.

11.     "Dell" refers to Dell, Inc. including, without limitation, any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor or successor-in-interest, any other related entity, or any entity Controlled, directly or indirectly, by Dell,

Inc., and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of IV or others acting or purporting to act on its behalf including outside counsel or patent agents.

12.     "HP" refers to Hewlett-Packard Company including, without limitation, any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor or successor-in-interest, any other related entity, or any entity Controlled, directly or indirectly, by Hewlett-Packard Company, and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of IV or others acting or purporting to act on its behalf including outside counsel or patent agents.

13.     "Kingston" refers to Kingston Technology Co., Inc. including, without limitation, any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor or successor-in-interest, any other related entity, or any entity Controlled, directly or indirectly, by Kingston Technology Co., Inc., and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of IV or others acting or purporting to act on its behalf including outside counsel or patent agents.

14.     "Logitech" refers, individually and collectively, to Logitech International S.A. and Logitech, Inc. including, without limitation, any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor or successor-in-interest, any other related entity, or any entity Controlled, directly or indirectly, by Logitech International S.A. and Logitech, Inc., and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of IV or others acting or purporting to act on its behalf including outside counsel or patent agents.

15.     "Pantech" refers, individually and collectively, to Pantech Co., Ltd. and Pantech Wireless, Inc. including, without limitation, any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor or successor-in-interest, any other related entity, or any entity Controlled, directly or indirectly, by Pantech Co., Ltd. and Pantech Wireless, Inc., and includes any present or former officer, director, agent, employee,

consultant, counsel, or representative of IV or others acting or purporting to act on its behalf including outside counsel or patent agents.

16.     "Best Buy" refers to Best Buy Co., Inc. including, without limitation, any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor or successor-in-interest, any other related entity, or any entity Controlled, directly or indirectly, by Best Buy Co., Inc., and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of IV or others acting or purporting to act on its behalf including outside counsel or patent agents.

17.     "Wal-Mart" refers to Wal-Mart Stores, Inc. including, without limitation, any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor or successor-in-interest, any other related entity, or any entity Controlled, directly or indirectly, by Wal-Mart Stores, Inc., and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of IV or others acting or purporting to act on its behalf including outside counsel or patent agents.

18.     "Micron" refers to Micron Technology, Inc., and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor, successor-in-interest, or other related company, and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of Micron Technology, Inc., and any other person acting on or purporting to act on its behalf, including outside counsel or patent agents.

19.     "Samsung" refers to Samsung Electronics Co., Ltd., and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor, successor-in-interest, or other related company, and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of Samsung Electronics Co., Ltd., and any other person acting on or purporting to act on its behalf, including outside counsel or patent agents.

20.     "Cirrus Logic" refers to Cirrus Logic, Inc. and any present or former parent,

subsidiary, department, division, subdivision, branch, affiliate, predecessor, successor-in-interest, or other related company, and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of Cirrus Logic, Inc., and any other person acting on or purporting to act on its behalf, including outside counsel or patent agents.

21.    "Enhanced Memory Systems" refers to Enhanced Memory Systems, Inc. and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor, successor-in-interest, or other related company, and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of Enhanced Memory Systems, Inc., and any other person acting on or purporting to act on its behalf, including outside counsel or patent agents.

22.    "The '696 patent" refers to U.S. Patent No. 5,982,696, entitled "Memories with Programmable Address Decoding and Systems and Methods Using the Same."

23.    "The '481 patent" refers to U.S. Patent No. 5,963,481, entitled "Embedded Enhanced DRAM, and Associated Method."

24.    "The '932 patent" refers to U.S. Patent No. 5,654,932, entitled "Memory Devices with Selectable Access Type and Methods Using the Same."

25.    "Asserted Patent(s)" refers, individually and collectively, to the '696 patent, the '481 patent, and the '932 patent.

26.    "Related Patent(s)" refers to any patent or patent application, individually and collectively, that (i) is a foreign counterpart of an Asserted Patent, (ii) claims priority from any of the Asserted Patents, (iii) is identified in a claimed priority chain of any Asserted Patent, or (iv) claims priority to any application to which any Asserted Patent claims priority.

27.    "DRAM" refers to Dynamic Random Access Memory.

28.    "Product(s)" refers to a machine, manufacture, apparatus, device, instrument, mechanism, appliance, assemblage of components/parts (either individually or collectively),

which are designed to function together electrically, mechanically or otherwise, to achieve a particular function or purpose, including those offered for sale, sold, or under development.

29.    "Accused Product(s)" includes all DDR2, DDR3, GDDR4, and GDDR5 DRAM Products produced, designed, branded, or manufactured by or for Elpida.

30.    "Person" refers to any natural person, individual, firm, corporation, partnership, proprietorship, joint venture, unincorporated association, government agency, and any other group of persons, organizations, or entities of any type.

31.    "Communication" refers to any transmission of information from one person to another, regardless of the medium of communication, and includes, without limitation, both oral and written communication.  A document or thing transferred, whether temporarily or permanently, from one person to another is deemed a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

32.    "Document" has the meaning prescribed in Rule 210.30 of the Commission Rules, Federal Rule of Civil Procedure 34, and Federal Rule of Evidence 1001.  The term "Document" includes documents in any form, including documents stored electronically. Any comment or notation appearing on any document, and not part of the original text, is to be considered a separate "Document."

33.    "Thing" has the meaning prescribed in Rule 210.30 of the Commission Rules and Federal Rule of Civil Procedure 34.  "Thing" specifically includes, without limitation, any disc, tape, or other electronic media storage device, any product, and any model, prototype, or experimental device or part or subassembly thereof.

34.    "Date" means the day, month, and year, if known, or as precise a statement of the day, month, and year as is permitted by Your knowledge and the documents and information available to You.

35.    The phrases "relate(s) to," "relating to," "refer(s) to," "referring to," "regard(s)," "regarding," "concern(s)," or "concerning" mean embodying, identifying, confirming,

containing, showing, or pertaining to in any way, directly or indirectly, or having any logical or factual connection with the subject matter in question.

36.     The connectives "and" and "or" are to be construed both disjunctively and conjunctively in order to bring within the scope of these interrogatories the broadest possible set of responses, including responses that might otherwise be construed to be outside of its scope.

37.     "Each" and "every" shall be construed to mean both each and every.

38.     "All" and "any" shall be construed to mean both any and all.

39.     To "identify" a Document means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege: (a) the title or other means of identification of the Document; (b) the date of the document; (c) the author or authors of the Document; (d) the recipient or recipients of the Document; (e) the subject matter of the Document; (f) the present location of any and all copies of the Document in the possession, custody, or control of Complainant; and (g) the names and current addresses of any and all Persons who have possession, custody, or control of the Document or copies thereof.

40.     To "identify" a Person means to provide the following information: (a) the Person's full name; (b) the Person's present or last known residence, address, and telephone number; (c) the Person's present or last known business affiliation and job title; and (d) the Person's present or last known employment address and telephone number.

41.     "Identify" in relation to a Product or service means to state the Product or service name, commercial or trade name, manufacturer, producer,  service provider, model or version number, part number, type, description, and any other representative designation.

42.     "Identify" in relation to a Communication means: (a) to state the date of the Communication; (b) to identify all Documents relating to such Communications; (c) to describe the content and substance of the Communication; (d) to identify the Persons who made, received or were involved in the Communication; and (e) to identify the Person or

Persons most knowledgeable about the Communication.

43.     The use of the singular form of any word includes the plural and vice versa.

44.     The term "United States" or "U.S." shall mean the fifty states, the District of Columbia, Puerto Rico, Guam, and all other territories of the United States.

45.     The term "USPTO" means the United States Patent and Trademark Office.

46.     "Infringe" and "infringement" means any type of infringement, including direct infringement, contributory infringement, infringement by inducement, literal infringement, and infringement under the doctrine of equivalents.

47.     "Prior art" means the subject matter described in 35 U.S.C. §§ 102 and 103, including but not limited to publications, patents, physical devices, prototypes, uses, sales, and offers for sale, and any documents or other items evidencing any of the foregoing.

48.     "Control", "Controlled" or "Controlling" means the direct or indirect ownership of more than fifty percent (50%) of the shares or similar equity interests of the outstanding voting securities of such legal entity, or more than fifty percent (50%) of the voting power, entitled to direct the management and policies of such entity.

49.     "Financial Information" includes but is not limited to, from 2008 to present, the total number of units manufactured, the total number of units sold, and the revenue, the costs of goods sold, the marketing and other overhead costs, the gross margin, and the operating profit.

50.     The term "including," as used herein, shall mean "including without limitation."

51.     As used herein, the term "facts" shall have its ordinary meaning and, pursuant to Rule 33(a)(2) of the Federal Rule of Civil Procedure, also shall mean related opinions, related contentions, and the application of law to fact.

## SCHEDULE B

## DEPOSITION TOPICS

### DEPOSITION TOPIC NO. 1:

The location of Your organization, assets, employees and business operations.

### DEPOSITION TOPIC NO. 2:

Identification of each and every entity that is related to, or Controlled by, either directly or indirectly, You, and the location, organization, assets, employees and business operations of each such entity.

### DEPOSITION TOPIC NO. 3:

The role of each of Your predecessors, subsidiaries, parent corporations, or other related entities in developing, making, using, selling, or offering for sale the Accused Products or their component parts, or importing the Accused Products or their component parts into the United States.

### DEPOSITION TOPIC NO. 4:

Your past and present corporate structure, including but not limited to any affiliates, parent companies, subsidiaries, acquisitions, partnerships, joint ventures, and divisions.

### DEPOSITION TOPIC NO. 5:

The place of manufacture and assembly of the Accused Products and their component parts.

### DEPOSITION TOPIC NO. 6:

The identity of all entities that You use or have used to manufacture or assemble the Accused Products.

**DEPOSITION TOPIC NO. 7:**

Your practices, principles, policies, standards, methods, procedures, guidelines, or criteria relating to patent valuation, patent licensing, or technology licensing.

**DEPOSITION TOPIC NO. 8:**

The methodology used by You to ensure that You have identified to IV all products falling within the definition of Accused Products.

**DEPOSITION TOPIC NO. 9:**

All internal and external names and codes used for Accused Products.

**DEPOSITION TOPIC NO. 10:**

Your naming and coding conventions for Your Products, including but not limited to definitions and general descriptions of product and package designations, the rationale behind Your coding system, the relationship between the various designations for these products, the existence of other codes used by You to categorize, classify, identify, or describe these products, an explanation of these codes, all means of correlating this information together, and a description of how these codes are linked to other technical and financial data.

**DEPOSITION TOPIC NO. 11:**

The methodology used by You to ensure that You have identified to IV all sales of products falling within the definition of Accused Products.

**DEPOSITION TOPIC NO. 12:**

The design and manufacturing process for the Accused Products as it relates to the use of those products in consumer products, including any design specifications provided by customers or potential customers for the Accused Products.

**DEPOSITION TOPIC NO. 13:**

All markings found on the Accused Products, including, but not limited to, any names, logos, symbols, words, numbers, or other alphanumeric coding, and the significance of each marking.

**DEPOSITION TOPIC NO. 14:**

The structure, function and operation of any DDR3 DRAM Accused Product(s), including without limitation any structure, functions, and operations related to command decoders, sense amplifiers, mode registers, data path circuitry, bank selection circuitry, additive latency circuitry, read write buses, FIFO buffers, DQ pins, and DQ circuitry.

**DEPOSITION TOPIC NO. 15:**

The structure, function and operation of any address decoding circuitry of DDR3 DRAM Accused Product(s), including without limitation any structure, functions, and operations related to sense amplifiers, main amplifiers, data amplifiers, row decoders, row pre-decoders, column decoders.

**DEPOSITION TOPIC NO. 16:**

Communications to or from customers regarding the structure, function, operation, and testing of any DDR3 DRAM Accused Product(s), including without limitation those related to bank interleaving, Mode Register 0 programming, burst length decoding, and on-the-fly burst length switching mode.

**DEPOSITION TOPIC NO. 17:**

The structure, function and operation of any DDR2 DRAM Accused Product(s), including without limitation structure, functions, and operations related to command decoders, sense amplifiers, mode registers, data path circuitry, bank selection circuitry, additive latency circuitry, read write buses, FIFO buffers, DQ pins, and DQ circuitry.

2571029

- 14 -

**DEPOSITION TOPIC NO. 18:**

The structure, function and operation of any address decoding circuitry of DDR2

DRAM Accused Product(s), including without limitation structure, functions, and operations

related to sense amplifiers, main amplifiers, data amplifiers, row decoders, row pre-

decoders, column decoders.

**DEPOSITION TOPIC NO. 19:**

The structure, function and operation of circuit blocks related to bank interleaving

and on-the-fly burst length switching mode in any Accused Product(s), including but not

limited to BCOLA, BCOLAAL, BCOLB, BCCTLBF, BPCMDA, BPCMDB, BDOC0,

BCOLACK, MBCRED, BCPDC, BPCMDD0, BROWA, BRRF11  in any of Your DDR3

Accused Product(s).

**DEPOSITION TOPIC NO. 20:**

The function and operation of any signals, timing values or AC characteristics

related to bank interleaving and on-the-fly burst length switching mode in any Accused

Product(s), including but not limited to CADQLT <12:11>, CADLT <6:7>, CADLT

<12:11>, CA <12:11>, CALT, CART, DRA0230B <1:0>, CBAT <2:0> , CALT <12:11>,

CART <12:11>, CADQLT <12:11>, CADQRT <12:11>, PMDA12T, PMRBLOTFT, CAS

latency, CL, additive latency, AL, tRRD, tCCD, tRCD and tAA.

**DEPOSITION TOPIC NO. 21:**

The structure, function and operation  of any product listed as example of an

Accused Product in Complainant's Amended Complaint, including but not limited to

EDJ1108BBSE and E1108AFSE8E-F.

**DEPOSITION TOPIC NO. 22:**

Royalties, license fees, monetary payments, or other compensation You pay or have paid for Your right to use any patented technology relating to DRAM technology.

**DEPOSITION TOPIC NO. 23:**

All agreements by which You obtained the right to use any patented technology relating to DRAM technology.

**DEPOSITION TOPIC NO. 24:**

The identity and source of all materials currently and previously used in the Accused Products.

**DEPOSITION TOPIC NO. 25:**

The use of the Accused Products by Your customers and other downstream customers.

**DEPOSITION TOPIC NO. 26:**

The use of the Accused Products by You.

**DEPOSITION TOPIC NO. 27:**

The use of the Accused Products in the United States.

**DEPOSITION TOPIC NO. 28:**

The facts and circumstances surrounding Your first awareness of the Asserted Patents.

**DEPOSITION TOPIC NO. 29:**

All facts and circumstances relating to any notice of infringement given to You prior to the service of the Complaint in this Investigation.

**DEPOSITION TOPIC NO. 30:**

All steps taken by You, if any, to ensure that You were avoiding infringement or other violation of IV's rights with respect to the Asserted Patents, or otherwise acting appropriately and with due care with regard to IV's rights with respect to the Asserted Patents, including but not limited to any efforts by You to design around or otherwise avoid any claim of the Asserted Patents.

**DEPOSITION TOPIC NO. 31:**

All steps taken by You, if any, to ensure that the Accused Products did not violate the patent rights of other parties, including but not limited to IV's rights with respect to patents other than the Asserted Patents.

**DEPOSITION TOPIC NO. 32:**

All analyses performed by You, or on Your behalf, relating to whether Your past, current and/or future Products (or the methods used by such Product) practice any claim of any of the Asserted Patents.

**DEPOSITION TOPIC NO. 33:**

All analyses by You, on Your behalf, or of which You are aware, comparing any Product or method to one or more Asserted Claim(s).

**DEPOSITION TOPIC NO. 34:**

Any opinion of counsel related to the Asserted Patents, including but not limited to all documents relating to any such opinion.

**DEPOSITION TOPIC NO. 35:**

All facts relating to whether You could design around the Asserted Patents.

**DEPOSITION TOPIC NO. 36:**

Licensing negotiations between You and IV, including but not limited to negotiations relating to the Asserted Patents.

**DEPOSITION TOPIC NO. 37:**

Meetings between You and IV regarding IV's patents or the payment of royalties to IV for any memory devices made by You.

**DEPOSITION TOPIC NO. 38:**

Communications between You and any entities that here held title to the Asserted Patents.

**DEPOSITION TOPIC NO. 39:**

All written and oral communications between You and any named inventor of the Asserted Patents, their representatives, or the entities from which the patents were acquired.

**DEPOSITION TOPIC NO. 40:**

Any Communications within Elpida, or between You and any other company or organization, relating to whether or not You should enter into a license with IV with respect to any specific patents or products.

**DEPOSITION TOPIC NO. 41:**

All Communications and agreements between You and any other Respondents, including without limitation, all Communications concerning IV, any of the Asserted Patents, or this investigation.

**DEPOSITION TOPIC NO. 42:**

All Communications between You and any third party concerning IV, any of the Asserted Patents, or this Investigation, including without limitation, specifying the identity(s) of such third party(s), which party initiated such Communication(s), the Date(s)

of such Communication(s), the patent(s), if any, subject to, or otherwise relating to, such Communication(s), and the nature, substance, form, and duration of such Communication(s).

**DEPOSITION TOPIC NO. 43:**

The complete basis for and all facts supporting Your position that You have not directly infringed, indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of any of the Asserted Patents.

**DEPOSITION TOPIC NO. 44:**

Any claim construction, prior art, patentability, novelty, validity, enforceability or infringement search, study, evaluation or opinion concerning any of the subject matter disclosed or claimed by the Asserted Patents conducted by You or on Your behalf.

**DEPOSITION TOPIC NO. 45:**

Your knowledge of documents relating to the validity of any claim of any of the Asserted Patents.

**DEPOSITION TOPIC NO. 46:**

Any claimed prior art to the Asserted Patents and the extent to which such prior art covers, anticipates, or renders obvious the subject matter of any claim of any of the Asserted Patents, including without limitation, any sale, offer to sell, public use, prior use, prior patent application filing, patent, and publication, and the identity of each Person with knowledge relating to each piece of Prior Art.

**DEPOSITION TOPIC NO. 47:**

The complete basis for and all facts supporting Your position that the Asserted Patents are invalid.

**DEPOSITION TOPIC NO. 48:**

The importance of the Accused Products to Your overall business.

**DEPOSITION TOPIC NO. 49:**

The importance of the United States as a market for products incorporating or utilizing the Accused Products.

**DEPOSITION TOPIC NO. 50:**

Any effects on U.S. consumers of the remedies sought in this investigation.

**DEPOSITION TOPIC NO. 51:**

The complete basis for and all facts supporting Your position, as stated in ¶ 189 of Your Response, that IV has "not adequately alleged and cannot establish the existence of a domestic industry" for the Asserted Patents.

**DEPOSITION TOPIC NO. 52:**

The complete basis for and all facts supporting Your position, as stated in ¶ 189 of Your Response, that IV "cannot establish that they (or their licensees) have made 'significant investment' in plant, equipment, labor, or capital relating to articles protected by at least one claim" of any of the Asserted Patents.

**DEPOSITION TOPIC NO. 53:**

The complete basis for and all facts supporting Your position, as stated in ¶ 189 of Your Response, that IV "cannot establish a 'substantial investment' in licensing, research and development, or other qualifying activities related to" the Asserted Patents.

**DEPOSITION TOPIC NO. 54:**

The market for the Accused Products, including the uses of the Accused Products, the identity of customers and potential customers for the Accused Products, and the identity of Your competitors.

**DEPOSITION TOPIC NO. 55:**

Your marketing of the Accused Products, including the identity of any third parties involved in such marketing.

**DEPOSITION TOPIC NO. 56:**

Your knowledge and data regarding the use by Your customers of the bank interleaving functionality of Your DDR2, DDR3, GDDR4, and GDDR5 DRAM Products.

**DEPOSITION TOPIC NO. 57:**

Your knowledge and data regarding the use by Your customers of the on-the-fly burst length switching mode of Your DDR3 DRAM Products.

**DEPOSITION TOPIC NO. 58:**

Your knowledge of any devices that incorporate or utilize any of the Accused Products, including but not limited to the manufacturer and brand name of such devices.

**DEPOSITION TOPIC NO. 59:**

All products that incorporate or utilize the Accused Products.

**DEPOSITION TOPIC NO. 60:**

Communications between You, Your customers and potential customers, and/or any third parties involved in marketing of the Accused Products.

**DEPOSITION TOPIC NO. 61:**

Any services You provide related to the Accused Products.

**DEPOSITION TOPIC NO. 62:**

Testing of the Accused Products performed by or for You or Your customers in the United States.

**DEPOSITION TOPIC NO. 63:**

The value, both quantitative and qualitative, of the Accused Products to the products of the Consumer Products Respondents containing the Accused Products.

**DEPOSITION TOPIC NO. 64:**

Distribution and sales of the Accused Products, including the identification of any

third parties involved in the stream of commerce between manufacturing and sale.

**DEPOSITION TOPIC NO. 65:**

The importation of the Accused Products and Products containing the Accused

Products into the United States, including, but not limited to, volume of actual or expected

importation into the United States, the port(s) of importation into the United States, the

channels of importation, the identity of Customs brokers and/or shipping agents or other

entities that were involved in the importation or transit into the United States, warehouses

located in the United States, and the Harmonized Tariff Schedule of the United States under

which such products were imported.

**DEPOSITION TOPIC NO. 66:**

Efforts made in the United States, or directed to persons in the United States, by

You, or anyone acting on Your behalf, to sell the Accused Products or services related to the

Accused Products.

**DEPOSITION TOPIC NO. 67:**

Forecasts or projections concerning sales of the Accused Products.

**DEPOSITION TOPIC NO. 68:**

Your knowledge and data regarding importation of the Accused Products, by You or

by others, into the United States.

**DEPOSITION TOPIC NO. 69:**

The location of the sales of the Accused Products, including but not limited to (A)

the identification of all worldwide sales of the Accused Products and (B) the identification

of all sales of the Accused Products in the United States.

**DEPOSITION TOPIC NO. 70:**

All means by which You can determine where the Accused Products are sold, manufactured, used, offered for sale, and/or distributed.

**DEPOSITION TOPIC NO. 71:**

All products and services that are bundled, sold, or offered for sale together with the Accused Products.

**DEPOSITION TOPIC NO. 72:**

The existence and inventory levels, expressed as both quantity of products and amount of revenue, of the Accused Products and Products containing the Accused Products in the United States, including location of all Accused Products currently in inventory in the United States.

**DEPOSITION TOPIC NO. 73:**

Any evidence that Respondents could have their products made using Products produced by manufacturers who have licensed the Asserted Patents from IV.

**DEPOSITION TOPIC NO. 74:**

The complete basis for and all facts supporting Your position, if any, that the Accused Products should not be subject to a General Exclusion Order.

**DEPOSITION TOPIC NO. 75:**

Separately for all of the Accused Products, all of the products and services that are bundled, sold, or offered for sale together with the Accused Products, and all products that incorporate or utilize any of the Accused Products, the following information:

A.      Your sales, including but not limited to the number of units sold from 2008 to the present.

B.      Your revenues, both individually and collectively, from 2008 to the present.

C.     Your costs, both individually and collectively, from 2008 to the present.

D.     Your profits, both individually and collectively, from 2008 to the present.

E.     Your business plans, projections, estimates, forecasts, and goals.

F.     Marketing and promotion, including but not limited to marketing plans, competitive analysis, and strategies.

G.     Your accounting policies and procedures, including but not limited to how You record Financial Information.

H.     The definitions of all terms and codes used in Your financial reporting and documents reflecting Financial Information.

**DEPOSITION TOPIC NO. 76:**

The cost, commercial availability, and technical feasibility of substituting alternative products for the Accused Products contained in the products of the Consumer Products Respondents or other downstream products that include the Accused Products.

**DEPOSITION TOPIC NO. 77:**

The similarities and differences between the Accused Products and Products offered for sale by Your competitors, including price, quantity, and functional comparisons.

**DEPOSITION TOPIC NO. 78:**

Your Communications, both internally and with any third party, concerning any public interest or policy issues relating to 19 U.S.C. § 1337(d)(1), (f)(1) or (g)(1) with respect to the present Investigation, and the substance, participants and timeframe of such Communications.

**DEPOSITION TOPIC NO. 79:**

The ability of non-Respondent DRAM manufacturer(s) to meet the demand for DRAM in the U.S. market should an exclusion order and/or cease and desist order issue in this Investigation against one or more Respondents.

**DEPOSITION TOPIC NO. 80:**

The effect of an exclusion order or cease and desist order in this Investigation on the supply in the U.S. of Products incorporating DRAM.

**DEPOSITION TOPIC NO. 81:**

Any effects on public health and welfare of the remedies sought in this investigation.

**DEPOSITION TOPIC NO. 82:**

The effects on competitive conditions in the U.S. economy of the remedies sought in this investigation.

**DEPOSITION TOPIC NO. 83:**

The effects on production of like or directly competitive Products in the United States of the remedies sought in this investigation.

**DEPOSITION TOPIC NO. 84:**

The complete basis for and all facts supporting Your position, as stated in ¶¶ 190-198 of Your Response, that IV's requested relief would have a detrimental effect "upon the public health and welfare, competitive conditions in the United States economy, the production of like or directly competitive articles in the United States, and United States consumers."

**DEPOSITION TOPIC NO. 85:**

All facts and circumstances relating to any contention, if any, that You have a license under or relating to any of the Asserted Patents.

**DEPOSITION TOPIC NO. 86:**

All facts and circumstances relating to Your position that You have committed no unfair act.

**DEPOSITION TOPIC NO. 87:**

Your responses to IV's discovery requests in this action, including but not limited to documents and information responsive to IV's discovery requests.

**DEPOSITION TOPIC NO. 88:**

Your efforts to collect and produce documents and information in this action, including but not limited to Your efforts to collect and produce documents and information responsive to IV's discovery requests.

**DEPOSITION TOPIC NO. 89:**

Your document retention and destruction policies, practices, and procedures, including but not limited to backup rotation schedules, archiving procedures, email retention and searching, and the identity of software used in electronic records management.

**DEPOSITION TOPIC NO. 90:**

Documents and databases containing Financial Information about the Accused Products, including but not limited to documents and databases containing information about sales, revenues, costs, and profits.

**DEPOSITION TOPIC NO. 91:**

Your financial data maintained electronically, including but not limited to the types of databases used, the types of data retained, the data acquisition and roll-up procedures, the data cleansing procedures, the business rules applied against the data, the data validation procedures, and the types of search reports run against the databases.

**DEPOSITION TOPIC NO. 92:**

Documents regarding Your accounting policies and procedures, including but not

limited to how You book or record revenue from sales by model of the Accused Products.

**DEPOSITION TOPIC NO. 93:**

Documents related to Your marketing of the Accused Products.

**DEPOSITION TOPIC NO. 94:**

Documents created in the process of developing the Accused Products.

**DEPOSITION TOPIC NO. 95:**

Databases used in the design and manufacture of the Accused Products, including

but not limited to the types of databases used, the types of information they maintain, and

their search capabilities.

**DEPOSITION TOPIC NO. 96:**

Your engineering drawing / computer-aided design systems used in the engineering

of the Accused Products.

**DEPOSITION TOPIC NO. 97:**

Documents and databases relating to the design, development, reliability testing or

analysis of the Accused Products.

**DEPOSITION TOPIC NO. 98:**

The identity of persons who created, or possess, documents relevant to claims or

defenses of the parties, and the location of such documents.

**DEPOSITION TOPIC NO. 99:**

The nature, existence, and location of all documents that relate to the subject matter

of each of the foregoing Topics and of all documents requested pursuant to IV's document

requests in this lawsuit and the extent to which such materials have been produced to IV for inspection and copying.

## DEPOSITION TOPIC NO. 100:

The bases upon which You are withholding each document identified in Your privilege log and all other documents that You have not yet placed on Your privilege log but which are responsive to IV's document requests and which You are withholding from production based on assertions of attorney-client privilege, attorney work product protection, or other asserted privileges or protections from discovery that You contend shield responsive documents from production.

## DEPOSITION TOPIC NO. 101:

Separately for each of the following subjects, the identity and employment history of the three of Your employees most knowledgeable about that subject:

     A.     Each of the foregoing Topics.

     B.     Any attempts by You to design around the Asserted Patents.

     C.     Reliability testing of the Accused Products.

## DEPOSITION TOPIC NO. 102:

The identity, including the full name, present or last known address and telephone number, and position of all entities who know facts that relate to the foregoing Topics.

## DEPOSITION TOPIC NO. 103:

The identity and location of documents responsive to IV's discovery requests that belong to, or are in the possession, custody or control of, the following individuals:

     (a) Yasuo Yoshitomi

     (b) Hiroki Fujisawa

     (c) Takashi Obara

(d) Toru Chonan

(e) Yoshitaka Ishihara

(f) Shotarou Kobayashi

(g) Kouzi Koshikawa

(h) Mamoru Nagase

(i) Kensuke Tsuneda

(j) Kouzi Koshikawa

(k) Takashi Asaoka

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **COMPLAINANTS' FEBRUARY 14, 2012 CORPORATE DEPOSITION NOTICE TO ELPIDA** was served to the parties, in the manner indicated below, this 14th day of February 2012:

| | |
|---|---|
| Vu Bui, Esq.<br>Office of Unfair Import Investigations<br>U.S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, SW, Room 401-P<br>Washington, DC 20436 | ☐  VIA HAND DELIVERY<br>☒  VIA ELECTRONIC MAIL<br>**(Vu.Bui@usitc.gov)** |

**COUNSEL FOR RESPONDENTS ELPIDA MEMORY, INC., ELPIDA MEMORY (USA) INC., ACER INC., ACER AMERICA CORP., ADATA TECHNOLOGY CO., LTD., ADATA TECHNOLOGY (U.S.A.) CO., LTD., ASUSTEK COMPUTER INC., ASUS COMPUTER INTERNATIONAL, INC., DELL, INC., HEWLETT-PACKARD COMPANY, KINGSTON TECHNOLOGY CO., INC.:**

| | |
|---|---|
| Marcia H. Sundeen, Esq.<br>KENYON & KENYON LLP<br>1500 K Street, N.W.<br>Washington, DC 20005 | ☐  VIA HAND DELIVERY<br>☒  VIA ELECTRONIC MAIL<br>**(IntellectualVenturesvElpida13486-<br>40001@kenyon.com)**<br>☐  VIA OVERNIGHT DELIVERY |
| George E. Badenoch, Esq.<br>Thomas R. Makin, Esq.<br>Rose Cordero Prey, Esq.<br>Christopher M. Scott, Esq.<br>Matt Berkowitz, Esq.<br>KENYON & KENYON LLP<br>One Broadway<br>New York, NY 10004-1007 | |

**COUNSEL FOR RESPONDENTS HYNIX SEMICONDUCTOR INC.; HYNIX SEMICONDUCTOR AMERICA, INC.; ACER INC.; ACER AMERICA CORP.; ADATA TECHNOLOGY CO., LTD.; ADATA TECHNOLOGY (USA) CO.; ASUSTEK COMPUTER INC.; ASUS COMPUTER INTERNATIONAL INC.; BEST BUY CO., INC., DELL, INC.; HEWLETT-PACKARD COMPANY; KINGSTON TECHNOLOGY CO., INC.; LOGITECH INTERNATIONAL S.A.; AND LOGITECH, INC.:**

| | |
|---|---|
| Eric C. Rusnak, Esq.<br>K&L GATES LLP<br>1601 K Street, NW<br>Washington, DC 20006-1600 | ☐  VIA HAND DELIVERY<br>☒  VIA ELECTRONIC MAIL<br>**(HynixITC@klgates.com)**<br>☐  VIA OVERNIGHT DELIVERY |

Michael J. Bettinger, Esq.
Timothy P. Walker, Esq.
Howard Chen, Esq.
Harold H. Davis, Jr., Esq.
K&L GATES LLP
Four Embarcadero Center, 12th Floor
San Francisco, CA 94111

Michael J. Abernathy, Esq.
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207

**COUNSEL FOR RESPONDENTS NANYA TECHNOLOGY
CORPORATION, USA AND NANYA TECHNOLOGY CORPORATION**

| | |
|---|---|
| Robert E. Freitas, Esq. | ☐ **VIA HAND DELIVERY** |
| FREITAS, TSENG, BAIK & KAUFMAN LLP | ☒ VIA ELECTRONIC MAIL |
| 100 Marine Parkway, Suite 200 | **(NanyaIVFTBK@ftbklaw.com)** |
| Redwood City, CA 94065 | ☐ VIA OVERNIGHT DELIVERY |

**COUNSEL FOR RESPONDENT DELL INC.:**

| | |
|---|---|
| Mark L. Whitaker, Esq. | ☐ **VIA HAND DELIVERY** |
| BAKER BOTTS L.L.P. | ☒ VIA ELECTRONIC MAIL |
| The Warner | **(IVC-Dell@bakerbotts.com)** |
| 1299 Pennsylvania Ave., N.W. | ☐ VIA OVERNIGHT DELIVERY |
| Washington, D.C. 20004 | |

**COUNSEL FOR RESPONDENT WAL-MART STORES, INC.:**

| | |
|---|---|
| James L. Quarles III, Esq. | ☐ **VIA HAND DELIVERY** |
| Spence Chubb, Esq. | ☒ VIA ELECTRONIC MAIL |
| Tonya Robinson, Esq. | **(whwalmartiteservicelist@wilmerhale.com)** |
| Amanda Major, Esq. | ☐ VIA OVERNIGHT DELIVERY |
| Elise Miller, Esq. | |
| WILMER CUTLER PICKERING HALE AND DOOR | |
| LLP | |
| 1875 Pennsylvania Ave., N.W. | |
| Washington, DC 20006 | |

IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite
900
Los Angeles, CA 90067

# EXHIBIT C

**Grazziani, Rosario**

| | |
|---|---|
| **From:** | Osaka-Kobe, AmConGen <AOK@state.gov> |
| **Sent:** | Tuesday, January 24, 2012 12:47 AM |
| **To:** | Grazziani, Rosario |
| **Subject:** | RE: Certain Dynamic Random Access Memory (March 19-April 6) |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Dear Ms. Grazziani,

Thank you for your message. We have made a note in the case file accordingly. Please keep us updated on the progress of the case.

Thank you.

American Citizen Services/mk
American Consulate General Osaka-Kobe
11-5 Nishitenma 2-chome,
Kita-ku, Osaka 530-8543
Tel: 06 6315 5912
Fax: 06 6315 5914
http://japan.usembassy.gov
http://travel.state.gov

-----Original Message-----
From: Grazziani, Rosario [mailto:RGrazziani@irell.com]
Sent: Tuesday, January 24, 2012 9:27 AM
To: Osaka-Kobe, AmConGen
Subject: Certain Dynamic Random Access Memory (March 19-April 6)

Certain Dynamic Random Access Memory and NAND Flash Devices and Products Containing the Same, Investigation No. 337-TA-803

Dear Mari,

Kindly advise if it would be possible for our office to get an extension from February 6th until Feb 24th to send the court order for the depositions of March 19th-April 6th. The reason for the extension is so we can get a court order covering the names of individuals we learn about during the Feb 3-10 depositions and to allow a couple of weeks for processing of the order at the ITC and district court.

Regards,

Rosario Grazziani
[X]

Dear Mari, as a follow-up to our conversation of yesterday, please note that the depositions scheduled for Feb. 3-10 and March 19-April 6 at the Consulate General in Osake Kobe relate to two separate actions.

The depositions which will be conducted by our firm, Irell & Manella LLP, relate to case:

1

## Grazziani, Rosario

| | |
|---|---|
| **From:** | Itami, Mami <ItamiMX@state.gov> |
| **Sent:** | Wednesday, February 08, 2012 5:45 PM |
| **To:** | Grazziani, Rosario |
| **Cc:** | Ellis, Jenifer; Dubin, Josh; Fellowes, Alexandra; Wong, Sandra; Ledahl, Brian; Turner, Ellisen; Reynolds, Johnna |
| **Subject:** | RE: Deposition in Tokyo March 22-April 6 |

Ms. Grazziani,

Thank you for contacting us.

I understand that the court order will not be available till March 7. It is fine with the U.S. Embassy as long as we know that it is coming. However, you may want to confirm with a Japanese consulate in the U.S. that you will have enough time to obtain a deposition visa. We have been informed by the Japanese Ministry of Foreign Affairs that Japanese consulates may take approximately two weeks to process a deposition visa application. All of the participants, including attorneys, interpreters, video operators and court reporters who are non-Japanese and do not reside in Japan require a deposition visa. A Japanese consulate will not be able to issue a deposition visa unless the U.S. Embassy in Tokyo is in receipt of a certified copy of the court order and deposition fee of $3,708.00 ($309 x 12 days).

Could you also clarify that the reservation made by Weil, Gotshal & Manges LLP is the same case as the one you are handling as the case name provided is different? Should we change the case name in our file from "Intellectual Ventures v. Hynix Semi Conductor Inc." to "In the Matter of Certain Dynamic Random Access Memory and NAND Flash Devices and Products Containing the Same Investigation?"

We also require lists of the participants and electronic equipment in addition to the reservation fee, deposition fee and a certified copy of the court order. The list of electronic equipment (e.g. laptop, steno machine, video camera, electronic dictionary) should include the make, type, model number, serial number and the name of the owner.

**Please supply us lists of participants and equipment by March 7, 2012** to obtain the necessary security clearance from our Security Office.

If you want us to attach the Embassy's certificate to the transcripts, please send us the additional fee of $415.00. We will also need a Federal Express or DHL account number to send transcripts back to the United States.

Please pass the following Embassy security policy to all of the participants:

*You may not bring any electronic devices into the Embassy except those pre-approved by Embassy officials for recording the deposition. For equipment allowed into any U.S. diplomatic facility, no computer or other electronic device may be connected to any network, whether wired or wireless. Any removable PCM card, USB device, or smart card providing wireless functionality must be removed from the computer or electronic device for the period while the computer or electronic device is on the premises, and any non-removable wireless functionality must be turned off. You cannot turn on your devices until you have reached the location of the event. Although a cellular phone and blackberry are not allowed on the embassy premises, you can leave them with the Embassy guards at the front gate.*

*Non-Japanese citizens attending the depositions should bring their passports; Japanese citizens should carry photo ID.*

Please feel free to contact us again if you have any further questions.

*Mami Itami*
*Consular Assistant*

1

*U.S. Embassy Tokyo*
*1-10-5 Akasaka*
*Minato-ku, Tokyo 107-8420 Japan*
*Tel: 81-3-3224-5174*
*Fax: 81-3-3224-5856*
*http://japan.usembassy.gov*

This email is UNCLASSIFIED.

**From:** Grazziani, Rosario [mailto:RGrazziani@irell.com]
**Sent:** Thursday, February 09, 2012 9:15 AM
**To:** Itami, Mami
**Cc:** Ellis, Jenifer; Dubin, Josh; Fellowes, Alexandra; Wong, Sandra; Ledahl, Brian; Turner, Ellisen; Reynolds, Johnna
**Subject:** RE: Deposition in Tokyo March 22-April 6

Dear Mami Itami, as noted by Joanna Reynolds of Weil, Gotshal, our office, Irell & Manella LLP, would like to share this reservation for depositions in a related case, to be conducted in Tokyo on March 22 through April 6, 2012.

The name of the related case in which we are involved is: In the Matter of Certain Dynamic Random Access Memory and NAND Flash Devices and Products Containing the Same Investigation No. 337-TA-803.

Pursuant to your website instructions, we would need to submit a court order on February 22, 2012. However, at this time, we are awaiting some information to help us prepare the required order.

Would you please advise if we may have an additional two weeks to submit the order, until March 7, 2012? We can submit a copy via e-mail and also overnight a copy.

If necessary, we can also submit the statutory deposition fees ahead of time.

Kindly advise.

Regards,


Rosario Grazziani
Secretary to Jenifer Ellis
Irell & Manella LLP
1800 Avenue of the Stars, Ste. 900
Los Angeles, CA 90067
Tel. (310) 284-7411
Fax: (310) 203-7199
E-mail: rgrazziani@irell.com


**From:** Reynolds, Johnna [mailto:Johnna.Reynolds@weil.com]
**Sent:** Wednesday, February 08, 2012 11:24 AM
**To:** Itami, Mami
**Cc:** Ellis, Jenifer; Dubin, Josh; Fellowes, Alexandra; Wong, Sandra; Ledahl, Brian; Turner, Ellisen; Grazziani, Rosario
**Subject:** RE: Deposition in Tokyo March 22-April 6

## Grazziani, Rosario

| | |
|---|---|
| **From:** | Itami, Mami <ItamiMX@state.gov> |
| **Sent:** | Monday, February 13, 2012 6:56 PM |
| **To:** | Grazziani, Rosario |
| **Subject:** | Deposition in Tokyo March 22 - April 6 |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Ms. Grazziani,

This is to confirm that the U.S. Embassy has received two checks in the amount of $1,283.00 and $3,708.00 to cover the reservation fee and deposition fee.

*Mami Itami*
*Consular Assistant*
*U.S. Embassy Tokyo*
*1-10-5 Akasaka*
*Minato-ku, Tokyo 107-8420 Japan*
*Tel: 81-3-3224-5174*
*Fax: 81-3-3224-5856*
*http://japan.usembassy.gov*

This email is UNCLASSIFIED.

# EXHIBIT D

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, DC 20436**

**Before the Honorable E. James Gildea**
**Administrative Law Judge**

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN DYNAMIC RANDOM ACCESS MEMORY AND NAND FLASH MEMORY DEVICES AND PRODUCTS CONTAINING SAME** | Investigation No. 337-TA-803 |

**COMPLAINANTS' APPLICATION FOR RECOMMENDATION**
**TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**TO ISSUE ORDERS/COMMISSIONS REGARDING DEPOSITIONS IN JAPAN**

Pursuant to Ground Rule 3.4.1.1 and 19 C.F.R. §§ 210.26 and 210.28, Complainants Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC, (collectively, "Complainants" or "IV"), by and through counsel, respectfully apply to the Administrative Law Judge ("ALJ") for a Recommendation (*see* Ex. 1) to the U.S. District Court for the District of Columbia to issue Deposition Orders. Those Orders (*see* Ex. 2), to be directed to any Consul or Vice Consul of the United States at the U.S. Consulate General, Osaka-Kobe in Osaka, Japan, and at the U.S. Embassy in Tokyo, Japan, would allow IV to obtain deposition testimony from employees of Respondent Elpida Memory, Inc. ("Elpida") and from Elpida in its corporate capacity. Specifically, the Orders would require deposition testimony from:

> **Takashi Asaoka**
> **Yasuo Yoshitomi**
> **Hiroki Fujisawa**
> **Toru Chonan**
> **Yoshitaka Ishihara**
> **Kouzi Koshikawa**
> **Takashi Obara**
> **Shotarou Kobayashi**

> **Kensuke Tsuneda**
> **Mamoru Nagase**
> **Elpida Memory, Inc.**
> (Sumitomo Seimei Yaesu Bldg. 3F
> 2-1 Yaesu 2-chome Chuo-ku
> Tokyo (104-0028) Japan)

On February 8, 2012, these ten individuals were noticed, through counsel for Elpida, to testify at the Osaka Consulate or at such other place as agreed upon by the parties between March 19 and March 30, 2012 (*see* Ex. 3). A notice to Elpida Memory, Inc. was served on February 14, 2012. IV has reserved space at the Osaka Consulate from March 19 through April 6, 2012, and at the Tokyo Embassy from March 22 through April 6, 2012 (*see* Ex. 4).

The deposition testimony sought by IV is highly relevant to this case. And, such testimony is unobtainable absent an order from a district court that the depositions take place at the Osaka Consulate and Tokyo Embassy or a motion to compel such testimony at a location outside of Japan, such as the United States. IV does not wish to burden the ALJ or the parties to this investigation by filing a motion to compel. Accordingly, and for the convenience of the witnesses, IV endeavors to obtain the necessary paperwork to enable the depositions to take place in Japan.

The Recommendation sought by IV would assist it in obtaining the necessary order or commission from the United States District Court for the District of Columbia. Pursuant to Article 17(1)(e)(ii)-(iii) of the U.S.-Japan Consular Convention, consular officers may:

> (ii) take depositions, on behalf of the courts or other judicial tribunals or authorities of the sending state, voluntarily given, or
>
> (iii) administer oaths to any person in the receiving state in accordance with the laws of the sending state and in a manner not inconsistent with the laws of the receiving state.

U.S.-Japan Consular Convention, Art. 17(l)(e)(ii), (iii), Mar. 22, 1963, 15 U.S.T. 768. The requested order is necessary because the Government of Japan interprets this provision very

2

strictly. Depositions in Japan must be taken "(1) on U.S. consular premises; (2) pursuant to a commission (28 U.S.C. App. Fed. R. Civ. P. Rule 28(b)(2)) to take a deposition issued by a court to any Consul or Vice-Consul of the United States at (Tokyo, Naha, Osaka-Kobe, Sapporo, Fukuoka) or (3) on notice provided an order issued by a court in the United States specifically authorizes a U.S. consular officer to take the deposition on notice." *Id* at 2-3. To comply with these requirements, the Osaka Consulate and Tokyo Embassy require that parties seeking to conduct depositions on their premises submit "a certified copy of the court order or commission that includes the names of everyone to be deposed." IV must provide this certified order well in advance of the scheduled date for the depositions.

The U.S. International Trade Commission has often issued recommendations similar to the Proposed Recommendation attached as Exhibit 1 to this Application. Indeed, there is extensive precedent in this regard. *See e.g., Certain Ceramic Capacitors & Prods. Containing Same*, Inv. No. 337-TA-692, Order No. 6 (Jan. 21, 2010), Order No. 8 (Feb. 17, 2010), and Order No. 13 (Mar. 18, 2010) (granting applications for recommendations that the U.S. District Court for the District of Columbia issue orders to obtain testimony from complainant in Japan); *In re Certain Ceramic Capacitors & Prods. Containing Same*, 1:10-mc-00129-RMC, Docket No. 3 (D.D.C. Feb. 26, 2010) (issuing order to obtain deposition testimony in Japan); *Samsung Electro-Mechanics Co., Ltd. v. Murata Mfg. Co. Ltd.*, 1:10-mc-00074-EGS, Docket No. 3 (Jan. 26, 2010) (issuing order to obtain deposition in Japan); *Certain Automotive Multimedia Display & Navigation Systems, Components Thereof, & Prods. Containing Same*, Inv. No. 337-TA-657, Order No. 7 (Dec. 23, 2008) (granting complainant's motion for recommendation that the U.S. District Court for the District of Columbia issue orders to obtain testimony from respondents in Japan); *Honeywell Int'l, Inc. v. Alpine Elecs., Inc., et al.*, 1:08-mc-00808-JDB, Docket Nos. 2-5 (D.D.C. Dec. 29,

2008) (issuing orders to obtain deposition testimony in Japan). Moreover, Elpida has been a respondent in at least one Section 337 case where orders were issued regarding depositions of its employees at the Osaka Consulate. *See, e.g.*, *In re Certain Semiconductor Integrated Circuits Using Tungsten Metallization & Prods. Containing Same*, 1:08-mc-00029-RJL, Docket No. 3 (D.D.C. Nov. 3, 2008). Finally, this ALJ issued such a recommendation earlier in this investigation. *See* Order No. 22 (Jan. 17, 2012).

Pursuant to Ground Rule 2.2, IV has been in contact with all parties regarding the instant Application. IV first contacted the other parties regarding its intent to file this Application on February 9, 2012. It is IV's understanding that Elpida does not oppose the filing of this Application, without prejudice to Elpida's ability to object to the production of specific deponents for deposition, which the parties are continuing to discuss. The Commission Investigate Staff Attorney does not oppose this Application.

Given the relevance and importance of the information at issue and the limited time remaining to obtain the necessary deposition visas, IV respectfully requests that this Application be granted on an expedited basis.

Dated: February 15, 2012                    Respectfully submitted,

                                            /s/ David H. Hollander, Jr.
                                            Tom M. Schaumberg
                                            David H. Hollander, Jr.
                                            Qian Sheng
                                            Beau Jackson
                                            ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
                                            1133 Connecticut Avenue, NW, 12th Floor
                                            Washington, DC 20036
                                            Telephone: (202) 467-6300
                                            Facsimile: (202) 466-2006

Elliot Brown
Benjamin W. Hattenbach
Ellisen S. Turner
Brian Ledahl
Gunnar B. Gundersen
IRELL & MANELLA, L.L.P.
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone:(310) 277-1010
Facsimile: (310) 203-7199

*Counsel for Complainants Intellectual Ventures
Management, LLC, Invention Investment Fund I, L.P.,
Invention Investment Fund II, LLC, Intellectual
Ventures I LLC and Intellectual Ventures II LLC*

INTVEN700912.doc

5

# EXHIBIT E



# UNITED STATES INTERNATIONAL TRADE COMMISSION

## Washington, D.C.

In the Matter of

**CERTAIN DYNAMIC RANDOM ACCESS MEMORY AND NAND FLASH MEMORY DEVICES AND PRODUCTS CONTAINING SAME**

Inv. No. 337-TA-803

**ORDER NO. 26:**  **GRANTING APPLICATION FOR RECOMMENDATION TO THE U.S. DISTRICT COURT REQUIRING DEPOSITIONS OF RESPONDENT'S CORPORATE WITNESSES IN JAPAN**

(February 23, 2012)

On February 16, 2012, Complainants Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC (collectively, "IV") submitted an application seeking a recommendation to the District Court in Washington, D.C. that depositions of employees of Respondent Elpida Memory, Inc. ("Elpida") be ordered to proceed in Osaka or Tokyo, Japan. (Motion Docket No. 803-023.) IV represents that the testimony sought from Elpida's employees is "highly relevant" and that Elpida and the Commission Investigative Staff do not oppose the motion. (*Id.* at 2, 4.) Specifically, Complainants seek to depose Takashi Asaoka, Yasuo Yoshitomi, Hiroki Fujisawa, Toru Chonan, Yoshitaka Ishihara, Kouzi Koshikawa, Takashi Obara, Shotarou Kobayashi, Kensuke Tsuneda, and Mamoru Nagase. (*Id.* at 1-2.)

The Administrative Law Judge finds that Motion Docket No. 803-023 should be

Certified to be a
true copy of the
Original
Secretary

-1-



GRANTED.  The recommendation of the Administrative Law Judge is attached below.

**SO ORDERED.**

E. James Gildea
Administrative Law Judge



**<u>ATTACHMENT A</u>**



# UNITED STATES INTERNATIONAL TRADE COMMISSION

## Washington, D.C.

| | |
|---|---|
| **In the Matter of** | |
| **CERTAIN DYNAMIC RANDOM ACCESS MEMORY AND NAND FLASH MEMORY DEVICES AND PRODUCTS CONTAINING SAME** | **Inv. No. 337-TA-803** |

### Recommendation To The United States District Court For The District Of Columbia To Issue An Order/Commission For The Taking Of Depositions In Japan

On February 16, 2012, Complainants Intellectual Ventures Management, LLC, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC (collectively, "IV") filed with the United States International Trade Commission an application for a recommendation to the District Court of the District of Columbia to issue an Order/Commission requiring depositions of employees of Respondent Elpida Memory, Inc. ("Elpida") in Japan. IV requests assistance in obtaining deposition testimony from:

> Takashi Asaoka
> Yasuo Yoshitomi
> Hiroki Fujisawa
> Toru Chonan
> Yoshitaka Ishihara
> Kouzi Koshikawa
> Takashi Obara
> Shotarou Kobayashi
> Kensuke Tsuneda
> Mamoru Nagase

relating to an investigation into certain dynamic random access memory and NAND flash memory devices and products containing same, Inv. No. 337-TA-803, such depositions to take place on or

about March 19, 2012, through on or about April 6, 2012, at the Consulate General of the United States of America in Osaka-Kobe, the United States Embassy in Tokyo, or another United States Embassy or consulate located in Japan.  The Commission Investigative Staff and Elpida do not oppose IV's application.

On January 5, 2012, an amended procedural schedule issued in this Investigation, directing that fact discovery be completed by April 13, 2012, with an evidentiary hearing scheduled for September 2012.

It is requested that the District Court grant IV's motion for an Order/Commission to obtain the Elpida employee depositions in connection with discovery for the above-identified Investigation at the U.S. International Trade Commission.

It is recommended to the District Court that an Order/Commission of the scope requested by IV be granted.

E/James Gildea
Administrative Law Judge
U.S. International Trade Commission
500 E. Street, S.W.
Washington, D.C. 20436

Dated: February 23, 2012

2

# EXHIBIT F

Japan Judicial Assistance



Newsroom | About Us | U.S. Embassies & Consulates | Help & Contacts

INTERNATIONAL TRAVEL | PASSPORTS | VISAS | CHILD ABDUCTION | LAW & POLICY

Search this Site

GO

**Laws, Regulation & Public Policy**

**Family Issues** ▶

**Retain a Foreign Attorney**

**Judicial Assistance**

**Consular Notification and Access**

**Citizenship and Nationality**

**Legal and Public Policy Information** ▶

**Law Enforcement Issues**

# Japan Judicial Assistance

🖶 Print    ✉ Email

**Disclaimer:** The information in this circular relating to the legal requirements of specific foreign countries is provided for general information only and may not be totally accurate in a particular case. Questions involving interpretation of specific foreign laws should be addressed to foreign counsel. This circular seeks only to provide information; it is not an opinion on any aspect of U.S., foreign, or international law. The U.S. Department of State does not intend by the contents of this circular to take a position on any aspect of any pending litigation.

- Summary
- Service of Process
- Service of Criminal Subpoenas
- Service on a member of the U.S. Military in Japan
- Service on a Foreign State
- Obtaining Evidence Overview Summary
- Japanese Sovereignty
- U.S. Diplomatic and Consular Premises and Extraterritoriality
- Special Japanese Deposition Visas
- U.S. Court Order for the Taking of the Depositions
- Participation of Judges From the United States
- Telephone or Videoteleconference Testimony
- Special Note Regarding American Attorneys Residing in Japan
- Voluntary Depositions on Written Questions
- How Consular Depositions Are Conducted
- Scheduling Depositions
- Consular Fees for Depositions
- Video Tape Equipment
- Signing, Certifying and Mailing Deposition Transcripts
- Travel to Japan For Judicial Assistance Activities
- Compulsion of Testimony – Letters Rogatory
- Compulsion of Documents and Other Physical Evidence
- Participation of American Attorneys in Japanese Court Proceedings Regarding Execution of Letters Rogatory
- Criminal Matters
- Defense Requests in Criminal Matters
- Conducting Informal Interviews
- Authentication of Documents
- Enforcement of Judgments
- Lists of Attorneys in Japan
- U.S. Embassy Address and Contact Information
- Links
- Selected References

**Summary :** Judicial assistance between the United States and Japan is governed by Article 5(f) of the Vienna Convention on Consular Relations (VCCR). 21 UST 77, TIAS 6820, 596 U.N.T.S. 261, Article 17 of the of 1963 (15 UST 768), the U.S. –

Japan bilateral Mutual Legal Assistance in Criminal Matters treaty (Treaty Doc. 108-12), the multilateral Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, 20 UST 361; to which the United States and Japan are parties, customary international law and the practice of nations, and applicable U.S. and local Japanese law and regulations.

**Service of Process** : The United States and Japan are a parties to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters.  Persons requesting service of process of U.S. documents in Japan in civil and commercial matters should execute the USM-94 form or the new interactive Service Convention form available from the Hague Conference on Private International Law web page.  The request form should be completed in duplicate and submitted with two sets of the documents to be served directly by the requesting attorney or clerk of court to the Japanese Central Authority.  The Japanese Central Authority is Ministry of Foreign Affairs, 2-2-1 Kasumigaseki Chiyoda-ku, Tokyo 100-8919 Japan.  The person executing the request form should be either an attorney or clerk of court.  The applicant should include attorney at law or clerk of court title on the identity and address of applicant and signature/stamp fields.  See the U.S. response to the 2003 Questionnaire in preparation for the Special Commission on the Practical Operation of the Convention.  Question 17.3 addressed the issue of who is authorized under U.S. law to execute a request under the Convention.  Attorneys should cite Rule 4 of the Federal Rules of Civil Procedure or comparable state statute permitting attorneys to execute service requests.  Proof of service is transmitted to the requester by the Japanese central authority through the Japanese embassy and consulates in the United States.  For general guidance about how to transmit requests for service of process, see our Hague Service Convention feature.  See also Japan's response to the 2003 Questionnaire in preparation for the Special Commission on the Practical Operation of the Hague Service Convention and the new edition of the Practical Handbook on the Operation of the Hague Service Convention.

**Service of Criminal Subpoenas** :  U.S. consular officers are permitted to serve criminal subpoenas on U.S. citizens and U.S. Lawful Permanent Residents abroad pursuant to 22 CFR 92.86, when specifically authorized by the Department of State.

**Service on a member of the U.S. Military in Japan:** It is possible to effect service on members of the U.S. Armed Forces in Japan through the Japanese central authority.  Service by mail may also be used if state law permits (APO and FPO are U.S. mail).  Also, contact the Judge Advocate General's (JAG) Office at the Pentagon for the particular branch of the service (tel: 703-545-6700).

**Service on a Foreign State:**  See our Service Under the Foreign Sovereign Immunities Act (FSIA) feature and FSIA Checklist for questions about service on a foreign state, agency or instrumentality.

**Obtaining Evidence Overview Summary: Japan is not a party** to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters. Judicial assistance between the United States and Japan in obtaining evidence is governed by Article 17 of the U.S. - Japan bilateral Consular Convention of 1963 (15 UST 768), customary international law and the practice of nations, and applicable U.S. and local Japanese law and regulations.  Article 17(1) (e) of the U.S. - Japan Consular Convention provides that consular officers may ...

"(ii) take depositions, on behalf of the courts or other judicial tribunals  or authorities of the sending state, voluntarily given.

(iii) administer oaths to any person in the receiving state in accordance with the laws of the sending state and in a manner not inconsistent with the laws of the receiving state."

This general reference to the authority of consular officers to take depositions has been interpreted by the Government of Japan very strictly. Japanese law and

practice, and the mutually agreed upon interpretation of the U.S. - Japan bilateral Consular Convention concerning obtaining evidence in Japan permits the taking of a deposition of a willing witness for use in a court in the United States **only**

1. if the deposition is presided over by a U.S. consular officer;
2. is conducted on U.S. consular premises
3. is taken pursuant to an American court order or commission;
4. and if any non-Japanese participant travelling to Japan applies for and obtains a Japanese Special Deposition visa.

The Japanese Ministry of Foreign Affairs and Ministry of Justice have advised the United States that these requirements apply in civil, criminal and administrative cases. The Japanese requirement for a court order and special deposition visas would apply in all cases, even though the depositions began in the United States initially.

**Therefore, depositions may be taken in Japan:**

1. **On U.S. consular premises;**
2. pursuant to a commission (28 U.S.C. App. Fed. R. Civ. P. Rule 28(b)(2)) to take a deposition issued by a court to any Consul or Vice-Consul of the United States at (Tokyo, Naha, Osaka-Kobe, Sapporo, Fukuoka) or
3. on notice, provided an order issued by a court in the United States specifically authorizes an U.S. consular officer to take the deposition on notice.

**NOTE:** U.S. Government officials traveling to Japan to participate in the taking of depositions or informal interviews should see also Travel to Japan For Judicial Assistance Activities for guidance about obtaining the additional requisite host country clearance which requires a diplomatic note from the U.S. Embassy to the Ministry of Foreign Affairs. This is in addition to the Special Deposition Visa requirement. This additional requirement host country clearance does not pertain to private U.S. citizen attorneys, but as noted below the Special Deposition Visa requirement applies to **all** U.S. participants.

**Japanese Sovereignty:** The Government of Japan has advised the United States that it opposes deviations from these conditions, and that it would consider any action beyond the strictures of the U.S.-Japan understanding to be a violation of its judicial sovereignty. The United States recognizes the right of judicial sovereignty of foreign governments based on customary international law and practice; See, e.g., the Restatement (Third) of Foreign Relations Law (1987); Cumulative Digest of United States Practice in International Law, 1981-1988, Office of the Legal Adviser, U.S. Department of State, Vol. II, 1430-1432, 1440 (1994).

**U.S. Diplomatic and Consular Premises and Extraterritoriality:** All depositions taken in Japan for use in the United States must take place on U.S. Embassy or consulate premises. Diplomatic and consular premises are **not extraterritorial.** The status of diplomatic and consular premises arises from the rules of law relating to immunity from the prescriptive and enforcement jurisdiction of the receiving state (Japan); the premises are not part of the territory of the sending state (the United States of America). See Restatement (Third) of Foreign Relations Law, Vol. 1, Sec. 466, Comment a and c (1987). See also, *Persinger v. Iran*, 729 F.2d 835, (D.C. Cir. 1984). **It should be noted that Japan has further advised that depositions may not take place on U.S. military bases in Japan as that is not sanctioned in the U.S. - Japan Status of Forces Agreement.**

**Special Japanese Deposition Visas:** Japan has instituted a requirement that persons from the United States wishing to participate in a deposition of a witness in Japan must apply for a Japanese "special deposition visa". As prerequisite to the issuance of the Japanese special deposition visa, Japan requires presentation of a U.S. court order, citing Article 17 of the U.S. - Japan bilateral Consular Convention. See suggested text for the court order below.

1. Apply for a "special deposition visa" at the Japanese Embassy or Consulate in

the United States nearest you. The Consular Section of the Japanese Embassy is located at 2520 Massachusetts Avenue, N.W., Washington, D.C. 20008, tel: (202) 939-6700. Japanese consulates are also located in Anchorage, Atlanta, Boston, Chicago, Detroit, Guam, Honolulu, Houston, Kansas City, Los Angeles, Miami, New Orleans, New York, Portland, San Francisco and Seattle.

2. This special visa must be applied for at **least two weeks before departure for Japan.**

3. The request should be made on letterhead stationery and include the following information: (a) the name and location of the court; (b) name and occupation of each witness; and (c) a summary of the case. Travelers will also be required to present their U.S. passport, complete Japanese Embassy/consulate visa application forms and to provide the requisite photographs. A photocopy of the commission or court order for a U.S. consular officer to take the deposition must accompany the request. Special visas may also be required of deposition participants other than attorneys (stenographers, interpreters, parties, etc.). Inquiries should be made of the appropriate Japanese consular officer in the United States.  For guidance about applying for a U.S. passport, see the Passports feature on the U.S. Department of State Bureau of Consular Affairs internet page.

4. The Japanese Embassy must seek concurrence from the Ministry of Foreign Affairs in every case.  The Japanese Embassy or Consulate in the United States will contact the Japanese Foreign Ministry for permission to issue the "special deposition visa".

5. The Japanese Foreign Ministry will contact the U.S. Embassy or Consulate to confirm whether the U.S. consular officer has received a photocopy of the court order issued by a court in the United States and whether the deposition has been scheduled.  **See below for guidance on how to schedule a deposition at the U.S. Embassy or one of the U.S. Consulates in Japan.**

6. The Japanese Foreign Ministry will authorize the Japanese Embassy or Consulate in the United States to issue the "special deposition visa".

**U.S. Court Order for the Taking of the Depositions** :  A certified copy of the court order must be provided to the U.S. Embassy in Tokyo before application is made for the special deposition visa so that the U.S. Embassy is in a position to respond to the requisite inquiry made by the Ministry of Foreign Affairs to the U.S. Embassy before the Ministry authorizes the Japanese Embassy or consulate in the United States to issue the special deposition visa.  **Japan will not accept orders issued by administrative law judges.** Court orders may be obtained from U.S. courts under the All Writs Act, 28 U.S.C. 1651, by various administrative agencies for the taking of depositions in Japan.  It is advisable that court orders include the language "on or about" concerning dates so as to afford maximum flexibility in scheduling.

### Sample Suggested Text for Court Order or Commission

Japanese authorities have requested that the court order or commission contain the following information:
NAME OF COURT
CAPTION          )
                 )
                 )
TO ANY CONSUL OR VICE CONSUL OF THE UNITED STATES
UNITED STATES (EMBASSY/CONSULATE) (NAME OF CITY)

Upon the application of (plaintiff, defendants), and pursuant to Article 17 of the United States - Japan consular convention,

You have been duly appointed and you are hereby authorized to take oral depositions at the United States (embassy/consulate) in (name of city), Japan, of the following witnesses who will appear voluntarily:

Or

It is ordered that the depositions on notice of the following witnesses be taken at the United States (embassy/consulate) in (name of city), Japan

(names, addresses, and employer of witnesses) commencing on or about (date), (time) and terminating on or about (date), (time), and to mark any documentary exhibits in connection therewith.

Counsel for defendants who will participate in said depositions are (names); and counsel for plaintiffs who will participate in said depositions are (names). The proceedings will be reported by (name of court reporter, if one is travelling to Japan). Please cause the testimony of said witnesses to be reduced to writing and the depositions signed by said witnesses and annex said deposition testimony to your commission and close the same under your seal and make return thereof to this court with all convenient speed.

Date signature of judge
Name of judge
Seal

**Participation of Judges From the United States** :  Japan has advised the United States that it will not permit the participation of foreign judges in the deposition of a witness located in Japan.  For a general discussion of participation of judges in foreign depositions, see, Cumulative Digest of United States Practice in International Law, 1981-1988, Vol. II, 1400, 1402, Department of State (1994).  See also, Administrative Office of the U.S. Courts, Guide to Judiciary Policies and Procedures, Vol. III, Judges' Manual, February 1988, trans. 2, vol. III, chap. XV, p. 3, Sec. B.1.c.

**Telephone or Videoteleconference testimony:**  Japanese authorities have informed the United States that **Japan does not permit the taking of telephone or videoteleconference testimony**.  In light of the U.S. treaty obligation pursuant to Article 17 of the U.S. - Japan Consular Convention, as interpreted by the U.S. and Japan, **absent specific authorization from the Japanese Ministry of Foreign Affairs**, the U.S. Embassy in Tokyo and U.S. consulates in Japan cannot participate in any way in a telephone or teleconference deposition.  See, Restatement (Third) of Foreign Relations Law, 441-442.  See also, interpretive notes, Rule 28(b), Federal Rules of Civil Procedure which provides "effectiveness and even availability, of one of the methods Rule 28(b) provides for taking of depositions in foreign countries depends largely upon law of foreign country in which deposition is to be taken." *Zassenhaus v. Evening Star Newspaper Co.*, 404 F2d 1361, (D.C. Cir. (1968), 131 App DC 384.  The U.S. Department of State would again advise U.S. citizens contemplating participation in such a proceeding outside of U.S. consular premises to consider carefully the impact of such an action.  In 1998, the Government of Japan permitted the taking of live videoteleconference testimony of a witness in Japan at the U.S. Embassy to a Federal courtroom in the United States.  See *United States v. Nippon Paper Industries, Co., Ltd.*, Order (D. Mass., July 28, 1998); Order July 28, 1998.  Permission must be obtained on a case by case basis by the U.S. Embassy in the form of a diplomatic note to the Ministry of Foreign Affairs which would consult with the Ministry of Justice.  It should be noted that when the Government of Japan granted permission for the videeteleconference testimony in 1998, **Japan specifically stated that this should not be considered a precedent**.

**Special Note Regarding American Attorneys Residing in Japan and Voluntary Depositions:**  Japanese authorities have informed the United States that Articles 3 and 72 of the Japanese Lawyer Law may prohibit the taking of depositions in Japan outside the procedures established for taking consular depositions under Article 17 of the U.S. Japan bilateral Consular Convention by private attorneys not admitted to practice law in Japan.  In Note Verbale Hokubel 1 No. 220 dated October 31, 1996, the Japanese Ministry of Foreign Affairs advised that private American attorneys residing in Japan who wish to participate in depositions at the U.S. Embassy or consulate in Japan.  American lawyers residing in Japan under the status of

"legal/accounting services" (as "gaikokuhu jimubengoshi"), permanent residents, or their spouses may participate in depositions under their current visa status, that is, without the special deposition visa under certain circumstances. They must notify the Ministry of Foreign Affairs through the U.S. Embassy in Tokyo of their proposed participation. When submitting the note verbale notification to the Ministry, the Embassy will need to provide the names of such lawyers, their company affiliation in Japan, their address, telephone number, and the type and validity of their visa, in addition to a copy of the requisite commission or court order issued by the court in the United States for the taking of the deposition before the U.S. consular officer on U.S. consular premises. In order to facilitate the notification procedures, the Embassy has prepared a worksheet which each lawyer resident in Japan will need to fill out in order for the Embassy to submit the requisite note verbale.

**Voluntary Depositions on Written Questions** : Voluntary depositions on written questions may be taken in Japan (28 USC Fed. R. Civ. P., Rule 31, 22 C.F.R. 92.58). Requesting counsel should contact the U.S. Embassy or Consulate to arrange a mutually convenient day or days when the deposition may be conducted. The requirements for an American court order, consular fees and scheduling the Embassy special deposition room based on space availability still apply. Counsel must make all the arrangements for the witness to appear and for stenographic or video services and translators if necessary. The U.S. consular officer will administer the oath to the witness, and if necessary to the stenographer, video tape operator or interpreter/translator, and withdraw, subject to recall. If the witness does not speak or read English adequately, a Japanese translation of the English text should be provided. The questions should be sent directly to the U.S. consular officer at the U.S. Embassy or Consulate. If preferred, the witness may write down the answers to the questions, rather than dictate the answers to the stenographer or video tape operator. The U.S. consular officer will affix a closing certificate after the deposition is completed.

**How Consular Depositions Are Conducted:** When a deposition of a willing witness is taken before a U.S. consular officer in Japan on U.S. consular premises, the procedures set forth at 22 CFR 92:55-92.64 and 7 Foreign Affairs Manual (FAM) 920 . Generally, consular officers preside over the taking of the deposition, following special instructions of the requesting court or parties (22 CFR 92.56), consistent with Japanese requirements. Actual asking of the questions is usually done by requesting counsel after the consular officer administers oaths to the witnesses, stenographers, interpreters, video-tape operators, etc. The consular officer then withdraws, subject to recall.

**Scheduling Depositions:** Contact the U.S. Embassy or Consulate and make arrangements to schedule the availability of U.S. consular premises and a U.S. consular officer to conduct the deposition. **Note: The American Embassy in Tokyo is generally booked six months in advance. See** Taking Depositions in Tokyo – U.S. Embassy which includes an on-line tool for scheduling depositions; Taking Depositions in Osaka – U.S. Consulate General. Depositions are rarely taken at the U.S. Consulates in Fukuoka, Naha or Sapporo. Special arrangement must be made with the consular sections for depositions in these locations as there is no dedicated space in the consulates for depositions. Review the information on the U.S. Embassy Tokyo and U.S. Consulate General Osaka-Kobe web sites carefully as that information is subject to change. In general:

1. Please note that for administrative and security reasons, the embassy/consulate''s deposition room and consular staff are not available for deposition taking outside of working hours 8:30 a.m. to 5:00 p.m. or on weekends or holidays.
2. The Embassy/consulate can tentatively schedule a deposition, and hold the dates reserved for three weeks. If the non-refundable scheduling fee is not received at the Embassy/consulate within three weeks, the dates tentatively reserved will be released to others.
3. In addition, the Embassy/consulate cannot confirm a scheduled deposition

Japan Judicial Assistance

until both the court order/commission and deposit for the prescribed deposition fee are received at the Embassy/consulate.

4. The embassy/consulate **does not** schedule the appearance of deponents or make arrangements for court reporters/stenographers or interpreters for private attorneys.

**Consular Fees for Depositions** : Current consular judicial assistance services fees are set forth in 22 CFR 22.1.

No fees are normally charged for depositions at the request of U.S., state or local government officials (22 CFR 22.1 Schedule of Fees item 53(a)) or at the request of parties in criminal cases that have been found to be indigent by the court (22 CFR 22.1 Schedule of Fees item 53(b)).

**Video Tape Equipment** : The embassy/consulate does not provide tapes, taping equipment or equipment operators. The embassy/consulate also does not provide commercial rates for tapes, taping equipment or equipment operators. Participants must make all arrangements directly with the service providers. Participants are responsible for obtaining their own clearances from Japanese Customs authorities for bringing equipment into Japan. Check with the Consular Section of the Japanese Embassy or Consulate in the U.S. for details. If you intend to bring equipment to Japan for the deposition, it is advisable to provide the U.S. Embassy/Consulate with details via fax or phone regarding that equipment to ensure that it is compatible to the electrical equipment at the U.S. Embassy/Consulate. After the advance arrangements are completed, please so notify the U.S. Embassy a few days in advance of the actual deposition, so that the Embassy can obtain the necessary clearance from the Security Office for the entry of the equipment and the operators into the Embassy premises.

**Signing, Certifying and Mailing Deposition Transcripts:** Participants to a deposition may stipulate regarding the manner in which the transcript of the deposition (any exhibits) should be signed, certified and mailed. The transcript may be forwarded to counsel rather than to the clerk of court which requested the deposition. Moreover, participants may stipulate that after the deposing of witnesses is completed and the stenographer transcribes the testimony, the transcript may be sent directly to the witness for signature or to counsel for the participants who will make arrangements directly with the witness for signature of the transcript. If required by local or federal rules in the United States, the witness may bring the transcript to the American embassy or consulate for signature before a consular officer, making any necessary corrections in the presence of a consular officer. If required, a consular certification of the deposition may be made at this time.  If you plan to have the deposition taped without subsequent transcription, the embassy/consulate asks that the court order or commission specify whether audio or video tape is to be used. Tapes may be sent directly by the video operator or by the embassy/consulate via registered air mail to either the person stipulated by the participants or directly to the court clerk immediately following completion of the deposition. Any change in the above procedures would have to be agreed to by both parties in the dispute and, if necessary, covered by an amended court order.  Completed transcripts and related documents are sent via registered mail to the court in which the action is pending, or to requesting counsel unless the action is a federal criminal case, in which case, the documents are returned to the Department of State for onward transmission.

**Compulsion of Testimony:** Japan is **not** a party to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. There is not in force between the United States and Japan any other treaty or international agreement on judicial assistance.  Compulsion of evidence in Japan from an unwilling witness can only be achieved on the basis of comity, pursuant to a letter rogatory. See Rule 28(b), Fed. R. Civ. P.; 4 Moore''s Federal Practice 28.05-28.8 (2d ed. 1950); Ristau, International Judicial Assistance (Civil and Commercial), Vol. I, 3-36 et seq., International Law Institute, 1984; Article 5(j) of the Vienna Convention on Consular

Relations [1963], 21 UST 77 to which the United States and Japan are both parties. For criminal matters see guidance below.  A letter rogatory is a request from a court in one country for assistance from a court in another country. Such requests are executed by Japanese district courts in accordance with the laws of Japan and generally take six months to a year to execute. The Japanese court will compel the witness to appear before a Japanese judge to respond to written questions annexed to the letter rogatory. All proceedings will be conducted in the Japanese language. The letter rogatory should be written in clear, simple language and should be written in the form of a request, not a demand for assistance. Japan requires that requests for international judicial assistance be processed through the diplomatic channel. This means that a request must be transmitted to the Department of State by the requesting court, or by counsel. See our general brochure on preparation of letters rogatory.  Moreover, the Department of State understands that the following Japanese conditions must be met before such a request will be honored:

1. The request must be made through diplomatic channels (as mentioned);
2. The letter rogatory should have attached documents showing parties to be examined, the type of evidence to be examined, the name, nationality and address of the persons to be examined and the items with respect to which they should testify [Japanese Law W relating to Reciprocal Judicial Aid to be Given at the Request of Foreign Courts - Law 63 of March 13, 1905, as amended];
3. The letter rogatory and all attachments must be translated into Japanese. Japanese courts often reject a letter rogatory if the documents including all attachments are not completely translated into Japanese, or if the quality of the translation is poor;
4. The letter rogatory must assure the Japanese court that compensation for all expenses incurred by the Japanese court will be paid;
5. The letter rogatory must assure the Japanese court that the requesting court will honor similar requests from the Japanese court.
6. Moreover, Japan requires that any document annexed to the letter rogatory must bear the seal of the requesting court and the signature of the judge. Japan will reject a request if the letter rogatory or accompanying documents bear the signature of the clerk of the court. Japanese authorities do not honor amendments to a letter rogatory which are not under the seal of the requesting court.

Letters rogatory for compulsion of evidence should be transmitted to the U.S. Department of State, Bureau of Consular Affairs, Overseas Citizens Services, Office of American Citizens Services and Crisis Management, East Asia Division, CA/OCS/ACS/EAP. Mailing address: SA-29, 4th Floor, 2201 C Street N.W., Washington, D.C. 20520. Courier service address: 2100 Pennsylvania Avenue N.W., Washington, D.C. 20037. **Fees:** The consular fee for letters rogatory is set forth in 22 CFR 22.1. The fee should be furnished in the form of a certified or corporate check payable to the U.S. Embassy. No fees are charged for letters rogatory at the request of U.S., state or local government officials or at the request of parties who have been found to be indigent by a court.

**Compulsion of Documents and Other Physical Evidence** : Japan has advised the United States that Japanese law **does not** include any provision for compulsion of documents or other physical evidence except in criminal cases. The Department of State continues to explore this issue with Japanese authorities. In the interim, while the Department is prepared to transmit such requests, be aware that attempts to compel such evidence by means of letters rogatory in civil cases have proven unsuccessful. However, production of documents and other physical evidence may be compelled through the Japanese courts by letters rogatory in criminal cases.

**Participation of American Attorneys in Japanese Court Proceedings Regarding Execution of Letters Rogatory**: Most American attorneys would prefer to participate in the proceeding before the Japanese court. This may well pose a problem in that it appears generally prohibited by Articles 3 and 72 of the Japanese

Lawyer Law. The Japanese judge, however, may permit American counsel to participate on a case-by-case basis. For this reason, it may be preferable for you to prepare the letter rogatory in a way which offers the Japanese court alternative ways of executing the request. For example, the letter rogatory could request that:

1. American counsel be permitted to participate in the proceedings before the Japanese court;
2. If this is not possible, the letter rogatory could ask that local Japanese counsel representing the American client be permitted to participate in the proceedings;
3. Finally, if this alternative is not possible, the letter rogatory could enclose written questions to be put to the witness by the Japanese court.

**Travel to Japan For Judicial Assistance Activities:** Before traveling to Japan for judicial assistance related activities, see the Country Specific Information and any applicable Travel Alerts or Travel Warnings. It is also recommended that U.S. travelers sign up for the Smart Traveler Enrollmet Program (STEP) with the U.S. Embassy using our on-line enrollment system. If a U.S. federal, state or local official will participate in the deposition, contact the Office of Policy Review and Inter-Agency Liaison (ASKPRI@state.gov; (202-736-9125; fax 202-736-9111) for assistance in obtaining host country clearance for the travel of U.S. officials to conduct judicial assistance activities abroad.

**Criminal Matters:** U.S. federal or state prosecutors should also contact the Office of International Affairs, Criminal Division, Department of Justice at (202) 514-0015 for guidance about the U.S. – Japan bilateral Mutual Legal Assistance in Criminal Matters treaty (Treaty Doc. 108-12). The treaty was signed August 5, 2003. See U.S. Department of Justice Press Release August 5, 2003; Japanese Ministry of Foreign Affairs signing of Mutual Legal Assistance Treaty with the United States; Transcript U.S. Embassy Statements at Exchange of Instruments of Ratification 2006.

**Defense Requests in Criminal Matters:** The U.S. Department of State expects criminal defendants, or their defense counsel, who wish to request judicial assistance in obtaining evidence or in effecting service of documents abroad in connection with criminal matters to make such requests pursuant to letters rogatory in accordance with Article 5(j) of the VCCR. Defense requests for compulsion of evidence in criminal matters may be prepared in the form of a letter rogatory transmitted via diplomatic channels from the U.S. Department of State, Bureau of Consular Affairs, Overseas Citizens Services, Office of American Citizens Services and Crisis Management, East Asia Division, 1-888-407-4747. See 22 CFR 22.1 regarding current consular fees. For general guidance about preparation and transmittal of such requests, see our Letters Rogatory feature. **Fees:** The consular fee for letters rogatory should be furnished in the form of a certified or corporate check payable to the U.S. Embassy. No fees are charged for letters rogatory at the request of U.S., state or local government officials.

**Conducting Informal Interviews:** While the taking of depositions, under the conditions explained above, is a right secured under the U.S.-Japan Consular Convention, 15 U.S.T. 768, conducting interviews and other informal evidence gathering or investigation techniques are entirely subject to the discretion of the Japanese government. The Japanese Ministry of Foreign Affairs has advised the U.S. Embassy in Tokyo that it considers the conducting of information interviews by in Japan to constitute formal evidence gathering and therefore to be subject to the Japanese law on international investigative assistance. Private litigants may need to obtain a special visa for travel to Japan to conduct informal interviews, inspections or other investigations. Contact the Japanese Embassy or consulate in the U.S. for information. Japanese authorities may require that the request to conduct such interviews be made in the form of a letter rogatory, or in criminal cases, on behalf of the U.S. Government, a formal letter of request. Local, state and federal prosecutors/attorneys seeking to conduct such interviews/inspections should contact

the Office of American Citizens Services for additional information.

**Authentication of Documents: Japan is a party** to the Hague Convention Abolishing the Requirement for Legalization of Foreign Public Documents. For information about authentication of documents see our web page notarial and authentication feature. See also the U.S. Department of State Authentications Office webpage. Additional guidance for consular officers about authentication of documents is available at 7 Foreign Affairs Manual 870.

**Enforcement of Judgments:** There is no treaty in force between the United States and any country on the reciprocal enforcement of judgments in general.

**Lists of Attorneys in Japan**: See the U.S. Embassy in Tokyo List of Attorneys in Japan by Prefecture. See also Retaining a Foreign Attorney.

**ADDRESS OF THE AMERICAN EMBASSY IN JAPAN:** See the Country Specific Information Japan.

**Links**

**U.S. Government Links**

Taking Depositions in Tokyo – U.S. Embassy
Taking Depositions in Osaka – U.S. Consulate General
Intercountry Adoption - Japan
International Child Abduction - Japan
Library of Congress Guide to Law Online – Japan
Japan Background Notes
World Fact Book - Japan

**NGO Links**

Columbia Law School Center for Japanese Studies

**Japan Links**

Japanese Ministry of Justice
The Japanese Judicial System
Japanese Law Links

**Selected References**

Bendix, Helen, Interaction of Business and Government in Japan: Lessons for the United States?, 15 Int'l Law. 571, (1981).

Britt, Robert, Japanese Legal System And International Trade: Up-To-Date Sources Of Information In English, 82 Law Libr. J. 313, Spring 1990.

Forstner, James A., Patent Litigation in Japan, China and Korea, 366 PLI/Pat 13, 15 (1993).

Hartmann, H. Michael, Discovery and Relation Motion Practice, 349 PLI/Pat 245, 250 (1992) (Comparing U.S. discovery procedures with those of England, Germany and Japan).

Hasebe, Yukiko, Shoko Shushutetsuzuki no Arikata (Existing Methods of Evidence Gathering), 1028 Juristo 103, 103 (1993).

Hattori, Takaaki and Henderson, Dan Fenno., Civil Procedure in Japan (1988).

Helm, Kenneth D., Enforcing Foreign Civil Judgments in Japan, 1 Willamette Bull. Int'l L. & Pol'Y 71 (1993).
Kenadjian, R. Wohl, S. Chemtob, & G. Fukushima, Practice By Foreign Lawyers in Japan, Fordham International Law Journal, 1989-1990, Vol. 13, No. 3, pp. 390-404.

Koroyasu, Transnational Litigation - Part II: Perspectives from the U.S. and Abroad: Japan, 18 Int'l Law 785 (1984).

Japan Judicial Assistance

Mackey, Thomas S., Litigation Involving Damages to U.S. Plaintiffs Caused by Private Corporate Japanese Defendants, 5 Transnat'l Law. 131 (1992).

MacMullin, Foreign Attorneys in Japan: Past Policies, The New Special Measures Law and Future Expectations, Florida International Law Journal, Fall 1988, Vol. 4, No. 1, pp. 51-84.

Matsuo, Jurisdiction in Transnational Cases, 23 Int'l Law. 6 (1989).

Mochizuki, Toshiro M., Recent Development, Baby Step or Giant Leap?: Parties' Expanded Access to Documentary Evidence Under the New Japanese Code of Civil Procedure, 40 Harv. Int'l L.J. 285 (1999).

Mori, Discovery and Taking Evidence (in Japan): The Difference Between U.S. Discovery and Japanese Taking of Evidence, 23 Int'l Law. 3,3 (1989).

Ohara, Judicial Assistance to be Afforded by Japan for Proceedings in the United States, 23 Int'l Law. 10 (1989).
O'Keefe, Constance, Legal Education in Japan, 72 Or. L. Rev. 1009, (1993).

Peterson, Jurisdiction and the Japanese Defendant, 25 Santa Clara L. Rev. 555, 576-79 (1985).

Ramseyer, Lawyers, Foreign Lawyers, and Lawyer-Substitutes: The Market for Regulation in Japan, 27 40 Harv. Int'l L.J. 499 (1986).

Rovine, Arthur, Section Recommendation And Report: American Bar Association Section Of International Law And Practice Reports To The House Of Delegates: Report on Japanese Law Practice, 21 Int'l Law. 278, (1987).

Sawaki, Recognition and Enforcement of Foreign Judgments, 23 Int'l Law. 29 (1989).

Sheehey, Japan's New Foreign Lawyer Law, Law and Policy in International Business, Vol. 19, No. 2, 1987, pp. 361-383.

Tada, Role of Corporate Legal Departments in Japan, 22 Int'l Law. 1141 (1988).

Takaishi, Hirakawa and Tomatsu, International Civil Litigation Over Securities-Related Disputes in Japan, Hastings International and Comparative Law Review, Winter 1991, Vol. 14, No. 2, 423.

Taniguchi, Yasuhei, The 1996 Code of Civil Procedure of Japan - A Procedure for the Coming Century?, 45 Am. J. Comp. L. 767 (1997).

Tessensohn, John and Yamamoto, Shusaku, The BBS Supreme Court Case: A Cloth Too Short For An Obi And Too Long For A Tasuki, 5 Comp. Lit. Jnl. 23 (1999).

Wagnild, Craig P., Civil Law Discovery in Japan: A Comparison of Japanese and U.S. Methods of Evidence Collection in Civil Litigation, 3 Asian-Pacific L. & Pol'y J. 1 (2002).

Watts, R.E., Briefing the American Negotiator in Japan, 16 Int'l Law. 597, (1982).

Yamanouchi and Cohen, Understanding the Incidence of Litigation in Japan: A Structural Analysis, 25 Int'l Law. 443 (1991).

Privacy | Copyright & Disclaimer | FOIA | Office of the Inspector General | No Fear Act Data | U.S. Department of State | Other U.S. Government Information | USA.gov

This site is managed by the Bureau of Consular Affairs, U.S. Department of State. External links to other Internet sites should not be construed as an endorsement of the views contained therein.

# EXHIBIT G

Taking Depositions in Osaka | Embassy of the United States Tokyo, Japan



# Embassy of the United

# States Tokyo, Japan

## TAKING DEPOSITIONS IN OSAKA

This information sheet provides a step-by-step guide to conducting depositions at the American Consulate General Osaka-Kobe.

## Make a Reservation

Please call us first to check availability. We can be reached at +81-6-6315-5912 and are open weekdays 9:00–12:00 and 1:30–5:00 Japan time, excluding Japanese and American Holidays. Once you have confirmed that we have a deposition room (see below for a description) at a time that meets your needs, make your reservation by sending a fax to the Consulate at +81-6-6315-5914 or an e-mail to ,aok@state.gov. In your fax/e-mail, list the case name and your preferred dates.

## Pay the $1,283 Reservation Fee

At the same time you send your fax, send a certified check or a money order for US$1,283 (address below) made payable to the American Consulate General Osaka-Kobe. This is our initial reservation fee: it is not a deposit and is non-refundable, and your reservation is not final until we receive it.

## Send the Court Order

At least six weeks before the start of your deposition, please send us a certified copy of the court order or commission that includes the names of everyone to be deposed. It should be worded "on or about" a date to allow for schedule changes and should be addressed to "any Consul or Vice Consul of the United States of American at Osaka-Kobe, Japan." In addition, please include on a separate sheet of paper the full names of everyone else (attorneys, stenographers, videographers, etc.) who will participate in the deposition. If the court order and deposit are not received in our office at least six weeks before the start of your deposition, the deposition room will be released for other reservations.

## Pay the Deposit

Along with the certified copy of the court order or commission, please include a full deposit of the required consular fees, which are $309 per day plus an additional $231 for clerical processing. The Consulate may also require an additional deposit and/or shipping fiscal data (such as a Federal Express number) if you decide to process your transcripts through the Consulate (see below). For example, a five day deposition requires a deposit calculated as follows:

$309.00 per day x five days +$231.00 = $1,776.00

Please make your certified check payable to the American Consulate General Osaka-Kobe. This sum is a deposit; after a final receipt is prepared, the excess will be refunded to you by the

Consulate or any monies owed to us by you will be collected.

(NOTE: In calculating the final cost of the deposition, the Consulate must charge fees incurred for postage, shipping and any other expenses. If Consular certification of the deposition transcript is required, the Consulate will also charge $415.00 per hour of consular staff time to cover clerical work.)

## Obtain Japanese Deposition Visas

Attorneys need a special visa to conduct depositions in Japan. Before the Japanese authorities will instruct one of their Consulates abroad to issue these visas, they will confirm that we are ready to proceed with the deposition. The Consulate will only be able to so notify the Japanese authorities when all of the above requirements have been met. Special visas may also be required for deposition participants other than attorneys, such as stenographers and videographers. Contact the nearest Japanese Consulate for details.

## Available Facilities

The Consulate has two deposition rooms available—a large room that accommodates about fifteen people and a small room that holds about eight people. Both are equipped with tables and chairs and wired for 100V, 60HZ electricity with U.S.-standard outlets - most equipment that works in the United States will work with this type of power. The Consulate does not provide computers, typewriters, or office supplies.

The Consulate does not provide interpreters, stenographers or other support staff, so attorneys must make arrangements for these services directly. While the Consulate cannot make specific recommendations for service providers, please refer to the link below for some local sources you may wish to contact. Note: the Consulate General assumes no responsibility for the professional ability or integrity of these service providers, and there is no significance to the order in which they are listed.

- Consulate facilities and staff are not available for deposition-taking on Japanese and American holidays, weekends, during lunch hour, or after closing time. You should plan to use our facilities between 9 am and 12 noon and 1:30 pm to 5:00 pm.
- The Consulate cannot schedule witnesses on your behalf.
- All witnesses, stenographers, interpreters, videographers and anyone else who is to be sworn in must present picture identification, such as a passport or driver's license. Witnesses should also bring their business cards to show their relationship to the firm or organization on whose behalf they are testifying. Attorneys and all staff traveling from outside of Japan (such as stenographers) must bring their passports to the Consulate. We must verify that all parties have the proper visas before your deposition can commence.

## Handling of Transcripts

After your deposition has concluded, there are two ways the transcripts may be processed. The simplest method is to have the transcripts prepared and distributed by your stenographer/court reporter among the interested parties, without further involvement by the Consulate. This is the simplest, quickest and least expensive option. A brief signed statement by all concerned parties agreeing to this method is all that is required by the Consulate.

Taking Depositions in Osaka | Embassy of the United States Tokyo, Japan

Arranging for consular certification of the transcripts is considerably more time-consuming and complex. After the witnesses have been deposed, the stenographer transcribes the testimony and forwards the original transcript to the Consulate. Sending additional copies of the transcript to the witnesses as well is advisable since they can review it in advance and prepare an errata sheet as necessary, or make any necessary corrections on the copy and use it to make changes on the original transcript retained in our office. After the witnesses make any necessary corrections to the original transcript, they will then sign the transcript in the presence of a consular officer. Once all witnesses have signed their transcripts, a consular certification is prepared, and the deposition, along with any exhibits, is sent to the Clerk of the Court that requested the deposition. By stipulation/written agreement, the materials can also be sent to the attorneys' offices.

Since we cannot forward the final transcripts to you until all witnesses have signed, delays in receiving your documents can occur if a witness or witnesses are unable to return to our offices. While we will make every effort to process your transcripts quickly, please be advised that our other responsibilities, as well as emergency services, may delay processing. In addition, as we must wait until the final shipping of your documents before preparing a final accounting, billing will also be significantly delayed. This may result in delays in your processing a case to conclusion within your own offices. Finally, because the Consulate's storage space is limited, we will return unfinished transcripts to you at your expense after eight weeks.

**Contact Information and Shipping Address**

The reservation fee, court order, deposit and any other materials you need to send to the Consulate should be addressed to:

Chief, American Citizen Services Unit
American Consulate General Osaka-Kobe
11-5 Nishitenma 2-chome, Kita-ku
Osaka 530-8543.

The Consulate can accept either Federal Express or DHL shipments. Should you have any questions, please contact the American Citizen Services section at 81-6-6315-5912 or FAX us at 81-6-6315-5914.

**Interpreters and Stenographers**

DISCLAIMER: The American Consulate General Osaka-Kobe, Japan, assumes no responsibility or liability for the professional ability or reputation of, or the quality of services provided by, the following persons or firms. Names are listed alphabetically, and the order in which they appear has no other significance.

1. American Realtime Court Reporters & Videographers (Japan)
Jodi Harmon, President
Shisa X, Room 803
4-12-12 Nishi-Tenma
Kita-Ku, Osaka 530-0047
Japan phone: (81)(6) 6311-6223
U.S. phone: (561)279-9132

Taking Depositions in Osaka | Embassy of the United States Tokyo, Japan

http://www.americanrealtime.com

American Realtime Court Reporters & Videographers (United States)
Jodi Harmon, President
5046 Rosen Boulevard
Boyton Beach, Florida 33437
Tel: (561) 279-9132
http://www.americanrealtime.com

2. Christopher Field
108 Codman Rd., Lincoln, MA 01773
Tel: 617-905-6060
Email: cf@christopherfield.com
Website: http://www.christopherfield.com

3. Inter Osaka (Interpreter)
Inter G Bldg., 3-201 Toyosaki,
Kita-ku, Osaka 530-0017
Tel: (81)(6) 6372-3987
Fax: (81)(6) 6372-6164

4. Yasuko Kawakami (Interpreter)
Japan Office:
2-10-1 Takakuradai,
Suma-ku, Kobe 654-0081
Tel/Fax: (81)(78) 734-0515
Email: Yasuko@Deposition-Translator.com
Website: http://www.deposition-translator.com

Hawaii Office:
1650 Ala Moana Blvd. Suite 2205
Honolulu, Hawaii 96815
Tel: 808-955-5257
Fax: 808-942-8117
Email: Yasuko@Deposition-Translator.com
Website: http://www.deposition-translator.com

5. KYR Communications (Seth A. Reames)
1-31-18-406 Okayama,
Meguro-ku, Tokyo 152-0033
Tel. and Fax: 81-3-3725-7467
kyr@zap.att.ne.jp

6. Lise & Partners, Inc. (Interpreter)
William Lise, President(BR> Rm 405, 1-403-4 Kosugimachi
Nakahara-ku, Kawasaki 211-0063
Tel: (81) (44) 739-3026
Fax: (81) (44) 739-4881
Website: http://www.lise.jp

7. Merrill Corporation
3203, Lippo Centre One, 89 Queensway
Hong Kong
Tel: 852-2522-1998, Fax: 852-2522-1575

Taking Depositions in Osaka | Embassy of the United States Tokyo, Japan

Email: hongkong@merrillcorp.com
Website: http://www.merrillcorp.com/mls

8. Nihon Convention Service, Inc. (Interpreter)
Keihanshin Fudosan Yodoyabashi Bldg. 4F
4-4-7 Imabashi, Chuo-ku, Osaka 541-0042
Tel: (81) (6) 6221-5930
Fax: (81) (6) 6221-5938

9. Simul International, Inc. Kansai Office (Interpreter)
Nissei Yodoyabashi Bldg. 4F
3-5-9 Kitahama, Chuo-ku, Osaka 541-0041
Tel: (81) (6) 6231-2441
Fax: (81) (6) 6231-2447

10. Gerald T. Peters, U.S. Patent Agent
JTT Translation Services, LLC (registered in NH USA)
Japanese liaison office:
23-21 Yayoigaoka Takatsuki Osaka 569-1021
Tel (within Japan): 080 4232 0566
Tel (via U.S.A.): +1 206 203 6374
Fax (via U.S.A.): +1 206 203 6376
Email: info@jtttranslation.com
Website: http://www.jtttranslation.com

## Video Recorders

DISCLAIMER: The American Consulate General Osaka-Kobe, Japan, assumes no responsibility or
liability for the professional ability or reputation of, or the quality of services provided by, the
following persons or firms. Names are listed alphabetically, and the order in which they appear has
no other significance.

1.    American Realtime Court Reporters & Videographers (Japan)
Jodi Harmon, President
Shisa X, Room 803
4-12-12 Nishi-Tenma
Kita-Ku, Osaka 530-0047
Japan phone: (81)(6) 6311-6223
U.S. phone: (561)279-9132
http://www.americanrealtime.com

American Realtime Court Reporters & Videographers (United States)
Jodi Harmon, President
5046 Rosen Boulevard
Boyton Beach, Florida 33437
Tel: (561) 279-9132
http://www.americanrealtime.com

2.    KOWA AV SYSTEMS CO., LTD. 13-7 Oyodonaka 1-chome, Kita-ku, Osaka.
Tel: (81) (6) 6454-4851, Fax: (81) (6) 6454-4850.

3.    TVC Yamamoto Co., Ltd., Osaka Office
FT Osaka Bldg. 602, 1-1-16 Osaka, Tennoji-ku, Osaka 543-0062.
Tel: (81) (6) 4305-5340, Fax: (81) (6) 4305-1450.

Taking Depositions in Osaka | Embassy of the United States Tokyo, Japan

E-mail: y_maeda1011@ams.odn.ne.jp

4.    Legal Video Asia, Osaka (K.K. Visual Information Systems)
#N704, 1-4 Onsenmachi, Mino-o, Osaka, 562-0006.
Tel/Fax: (81) 72-722-6663.
Cel: (81) 901-036-4681.
E-mail: paul@legalvideoasia.com
Legal Video for the Asia Pacific region
Member of the American Guild of Court Videographer

This site is managed by the U.S. Department of State. External links to other Internet sites should not be construed as an endorsement of the views or privacy policies contained therein.

# EXHIBIT H

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

In the Matter of

**CERTAIN DYNAMIC RANDOM ACCESS MEMORY AND NAND FLASH MEMORY DEVICES AND PRODUCTS CONTAINING SAME**

MISC. ACTION NO. 12-30

ORDER/COMMISSION TO TAKE DEPOSITIONS IN OSAKA, JAPAN

**FILED**

**JAN 20 2012**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**[PROPOSED] DEPOSITION ORDER**

**TO:**   Any Consul or Vice Consul of the United States of America

Consulate General of the United States of America, Osaka-Kobe

2-11-5 Nishitenma 2-chome, Kita-ku, Osaka 530-8543

Upon application by Complainants Intellectual Ventures Management, LLC, Invention

Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and

Intellectual Ventures II LLC, (collectively, "IV"), and pursuant to Article 17 of the United

States-Japan Consular Convention, it is hereby

**ORDERED** that the depositions on notice of the following individuals be taken at the

U.S. Consulate General in Osaka-Kobe in Osaka, Japan, commencing on or about February 3,

2012, and continuing until on or about February 10, 2012, and that the marking of any

documentary exhibits in connection therewith be permitted:

> **Takashi Asaoka**
> **Yasuo Yoshitomi**
> **Hiroki Fujisawa**
> **Toru Chonan**
> **Yoshitaka Ishihara**

U.S. District and Bankruptcy Courts
for the District of Columbia
A TRUE COPY
ANGELA D. CAESAR, Clerk

By _____
Deputy Clerk

Listed below are the names of counsel who may participate in these depositions, together with other persons who may attend or assist with these depositions.

**For IV**

Benjamin W. Hattenbach (counsel)

Ellisen S. Turner (counsel)

Brian Ledahl (counsel)

Gunnar B. Gundersen (counsel)

Jay Chung (counsel)

Jenifer Ellis (counsel)

Ryan Ward (counsel)

Jim Manzano (litigation support)

Andrew Wu (in-house technical advisor)

John Reed (IV consultant)

Jeanne Bullis (court reporter)

Jade King (court reporter)

Jenny Buck (court reporter)

Bruce Holcombe (interpreter)

Paul Byron Diserio (videographer)

Michael Paul Goldberg (videographer)

Daniel Dean Harrington (videographer)

**For the ITC's Office of Unfair Import Investigations**

Vu Bui

**For Respondent Elpida Memory, Inc.**

George Badenoch (counsel)

Marcia Sundeen (counsel)

Thomas Makin (counsel)

Rose Cordero Prey (counsel)

Matt Berkowitz (counsel)

Christopher Field (check interpreter)

Elica Funatsu (check interpreter)

Shinya Yugi (Representative of Elpida's Legal Group)

Takashi Asaoka (Representative of Elpida's IP Group)

Teruki Sasaki (Representative of Elpida's IP Group)

Seiji Nakashima (Representative (Vice-President) of Elpida's IP Group)

Kota Takemura (Representative of Elpida's IP Group)

Shigeru Maruyama (Representative of Elpida's IP Group)

Shinji Ohara (Representative of Elpida's IP Group)

Yoshimi Ohara (attorney with the Japanese firm Nagashima Ohno & Tsunematsu)

**For Other Respondents in this Investigation**

Howard Chen (counsel)

Harold Davis (counsel)

Rachel Davidson (counsel)

Deirdre Digrande (counsel)

Eric Rusnak (counsel)

Please cause the testimony of said witnesses to be recorded by video and reduced to writing; the deposition to be signed by said witnesses; said deposition testimony to be annexed to your Commission and closed under your seal; and make return of these materials to this Court with all convenient speed.

WITNESS, the Honorable _Royce C. Lamberth_, United States Judge of the United States District Court for the District of Columbia, this _19th_ day of _January_, 2012.

_Royce C. Lamberth_

United States Judge

United States District Court

District of Columbia

333 Constitution Ave., NW

Washington, DC 20001

3

United States of America

I   hereby   certify   that   the   signature   above   is   that   of   the   Honorable
_____, United States Judge of the United States District Court
for the District of Columbia.

_____ Clerk of the Court

_____ Date

Deputy Clerk: _____

Seal:

INTVEN600812.docx

4

# EXHIBIT I

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| IN THE MATTER OF |
| |
| CERTAIN GPS NAVIGATION |
| PRODUCTS, COMPONENTS THEREOF, |
| AND RELATED SOFTWARE |

MISC. ACTION NO. __11-599__

ORDER/COMMISSION TO
TAKE DEPOSITIONS IN JAPAN

## DEPOSITION ORDER

**FILED**

NOV - 2 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

TO:   Any Consul or Vice Consul of the United States of America
      Consulate General of the United States of America, Osaka-Kobe
      11-5 Nishitenma 2-chome, Kita-ku, Osaka 530-8543

   Upon application by Complainant Honeywell International Inc. ("Honeywell"), and

pursuant to Article 17 of the United States-Japan Consular Convention, it is hereby **ORDERED**

that the depositions on notice of Respondent Furuno Electric Co., Ltd. (hereinafter, "Furuno

Japan") and certain of its employees be taken, and the marking of any documentary exhibits in

connection therewith be permitted, at the U.S. Consulate General, Osaka-Kobe in Osaka, Japan,

before any consular officer of the United States:

> **Atsushi Takagi**
> **Makoto Obuchi**
> **Masahi Ohhora**
> **Furuno Electric Co., Ltd.**
> 9-52 Ashihara-cho
> Nishinomiya City, Hyogo,
> 662-8580 Japan

   It is further **ORDERED** that the depositions of Furuno Japan and these employees shall

commence at the U.S. Consulate General, Osaka-Kobe in Osaka, Japan, beginning on or about

December 12, 2011, and continuing until on or about December 16, 2011.

Listed below are the names of counsel for Honeywell and Furuno Japan, as well as other persons who may participate, attend or assist in these depositions:

### For Honeywell

Matthew Loring Woods (counsel)

John Scott Culpepper (counsel)

Peter Nathaniel Surdo (counsel)

Tara Dawn Falsani Harkins (counsel)

Brian Kenneth Wells (counsel)

Ailis Leigh Burpee (counsel)

Todd V. Klukow (litigation support)

Amanda Jane Booth (litigation support)

Richard George Stirewalt (court reporter/videographer–Stirewalt & Associates)

Michael James Domin (court reporter/videographer–Stirewalt & Associates)

Debby Jo Campeau (court reporter/videographer–Stirewalt & Associates)

Ronald Mathew Huber (court reporter/videographer–Stirewalt & Associates)

Samuel Jared Taylor (interpreter)

### For Furuno Japan

Ryan Goldstein (counsel)

Marc Weinstein (counsel)

Wayne Alexander (counsel)

Daisuke Matsumoto (Furuno Representative)

Bruce Holcombe (check interpreter)

Please cause the testimony of said witness to be recorded by video and reduced to writing; the deposition to be signed by said witness; said deposition testimony to be annexed to your Commission and closed under your seal; and make return of these materials to this Court with all convenient speed.

2

WITNESS, the Honorable _James E. Boasberg_, United States Judge of the United States District Court for the District of Columbia, this 2nd day of _Nov._, 2011.

United States District Judge
United States District Court
District of Columbia
333 Constitution Ave., N.W.
Washington, DC 20001
United States of America

I hereby certify that the signature above is that of the Honorable _James E. Boasberg_ United States Judge of the United States District Court for the District of Columbia.

_____ Clerk of the Court

Date: _____

Deputy Clerk: _____

Seal:

U.S. District and Bankruptcy Courts
for the District of Columbia
A TRUE COPY
ANGELA D. CAESAR, Clerk
By _____
        Deputy Clerk 11/02/2011

3

# EXHIBIT J

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of: | MISC. ACTION NO. _____ 10-74 |
| **CERTAIN CERAMIC CAPACITORS AND PRODUCTS CONTAINING SAME** | **REQUEST FOR ISSUANCE OF AN ORDER TO TAKE DEPOSITIONS IN JAPAN** |
| Samsung Electro-Mechanics Co., Ltd. 314 Maetan-3-dong, Yeongtong-gu Suwon City 443-743, South Korea | DEPONENTS: EMPLOYEES OF MURATA MANUFACTURING CO. LTD. |
| Samsung Electro-Mechanics America, Inc. 3345 Michelson Drive, Suite 350 Irvine, California 92612 | **FILED** JAN 2 5 2010 |

**DEPOSITION ORDER**

Clerk, U.S. District and
Bankruptcy Courts

TO:   Any Consul or Vice Consul of The United States of America
American Consulate General Osaka-Kobe, Japan
11-5 Nishitenma 2-chome, Kita-ku
Osaka 530-8543, Japan

Upon application by Respondents Samsung Electro-Mechanics Co., Ltd. and Samsung
Electro-Mechanics America, Inc. (together, the "SEMCO Respondents") and pursuant to Article
17 of the United States-Japan Consular Convention, it is hereby **ORDERED** that the depositions
on notice of the following employees of Murata Manufacturing Co. Ltd. (hereinafter, "Murata")
be taken, and the marking of any documentary exhibits in connection therewith be permitted, at
the United States Consulate in Osaka, Japan, before any consular officer of the United States:

Yoshikazu Takagi

Yasushi Ueno

Hiroshi Sekidou

Nagato Omori

Kazuaki Kawabata

It is further **ORDERED** that the depositions of these employees of Murata shall commence on or about February 18, 2010, and continue day-to-day until on or about February 26, 2010.

Listed below are names of the persons who may participate, attend or assist in these depositions:

**For Respondents**
Steven J. Akerley (counsel)
David Murphy (counsel)
John Kappos (counsel)
Kristopher M. Dawes (counsel)
Paul Zeineddin (counsel)
George Riley (counsel)
Anne Huffsmith (counsel)
Michelle Clark (counsel)
Jennifer Glad (counsel)
Matthew Moses (counsel)
Sharon Lancaster (court reporter-Veritext Court Reporters)
Soseh Celestina Kevorkian (videographer-Veritext Court Reporters)
Jeanne Bullis (court reporter -- Merrill Corporation)
Wah Kit (videographer -- Merrill Corporation)
Glen Anderson (interpreter--Pan-Asia Consulting & Language Services, Inc.)
Megumi Matsuoka (interpreter--Pan-Asia Consulting & Language Services, Inc.)

**For Complainants**
Steven J. Routh (counsel)
Sten A. Jensen (counsel)
Steven E. Adkins (counsel)
Jordan Coyle (counsel)
T. Vann Pearce (counsel)
William H. Wright (counsel)
Nic Merrin (counsel)
Diana Szego (counsel)
Alan Chen (counsel)
John Inge (counsel)
Seiko Hino (interpreter)
Jin Jung Ja (interpreter)

Chieko Sakuta (interpreter)
Toyu Yazaki (interpreter)
Toshi Tahara (Murata representative)
Tsuyoshi Kunotsubo (Murata representative)

**For the International Trade Commission**

Aarti Shah (counsel)

Please cause the testimony of said witnesses to be recorded by video and reduced to writing; the deposition to be signed by said witnesses; said deposition testimony to be annexed to your Commission and closed under your seal; and make the return of these materials to this Court with all convenient speed.

WITNESS, the Honorable Emmet G. Sullivan United States Judge of the United States District Court for the District of Columbia, this 25 day of Jan , 2010.

United States District Judge
United States District Court
District of Columbia
333 Constitution Ave., N.W.
Washington, DC 20001
United States of America

I hereby certify that the signature above is that of the Honorable Emmet G. Sullivan United States Judge of the United States District Court for the District of Columbia.

Greg Hughes Acting Clerk of the Court

Date: Jan 25, 2010

Deputy Clerk: Carol Vattel

Seal:

SEMCO701010-Order

3